NO. 07-09-0272-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 30, 2009
_____

IN RE THIRTY-FOUR GAMBLING DEVICES AND SIX HUNDRED
AND THIRTY NINE DOLLARS IN UNITED STATES CURRENCY
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.


**OPINION**


Relators, Michelle Medrano and Johnny Shannon,[1] have brought a mandamus action against the Honorable John Board, Judge of the 181st District Court of Randall County, Texas, seeking an order from this Court ordering Judge Board to proceed to trial on the underlying forfeiture action.[2] Having determined that Relators have not shown themselves entitled to mandamus relief, we will deny the application.

---

[1] The record indicates that Medrano was operating "The Other Place" for Shannon, who was the owner.

[2] Relators' amended application for writ of mandamus requests other relief which will be denied.

Factual & Procedural Background

The underlying cause of action arose out of the seizure of certain items of personal property[3] and an amount of cash from an establishment known as "The Other Place" in Randall County, Texas, pursuant to the execution of a search warrant on June 24, 2003. Subsequently, on June 11, 2004, the State, real party in interest, filed a petition seeking to forfeit the seized property pursuant to the Texas Code of Criminal Procedure. See TEX. CODE CRIM. PROC. ANN. art. 18.18 (Vernon Supp. 2008).[4] Notice of the setting of a hearing on the issue of the forfeiture of the property was given on June 30, 2004. The notice provided that the hearing would occur on July 19, 2004. One day prior to the original hearing date, Relator Medrano filed a Plea in Abatement and Motion for Continuance objecting to the court's notice. The court granted the motion for continuance, reset the hearing for a later date, and issued a second notice[5] pursuant to article 18.18. See art. 18.18. At a pretrial hearing, Judge Board indicated that his intent was to proceed to trial on the "Court's notice." Subsequently, the trial court heard the matter and entered a judgment dated September 2, 2004. The trial court appears to have intended to enter judgment in a new cause number, Cause No. 54,834-B. However, the judgment was actually entered in Cause No. 53,716-B, the cause initiated by the real party in interest's original petition. Notice of appeal of the "judgment entered in Cause No. 54,834-B" was

---

[3] The items of personal property seized are known as "8-liner" devices, alleged to be gambling devices, gambling paraphernalia, or altered gambling devices.

[4] Further reference to the Texas Code of Criminal Procedure will be by reference to "Article ___" or "art. ____."

[5] This will be referred to as the "Court's notice."

given on November 11, 2004.  This Court dismissed the appeal for want of jurisdiction, as there was no judgment actually entered in Cause No. 54,834-B.[6]  See In re Thirty-four Gambling Devices, No. 07-04-0548-CV, 2006 Tex.App. LEXIS 775, at *8 (Tex.App.–Amarillo Jan. 30, 2006, no pet.) (memo. op.).  The Court's mandate was issued February 5, 2006.

The real party in interest requested a trial setting by letter addressed to Judge Board on November 29, 2006, in Cause No. 54,834-B.  By letter dated August 21, 2007, Judge Board advised all parties that the matter was set for final hearing on October 30, 2007.  Relator Shannon filed a motion for continuance on October 24, 2007.  On October 30, 2007, Shannon filed another motion for continuance, supported by the affidavit of Shannon, a motion to dismiss for lack of prosecution, and a plea to the jurisdiction and plea in bar.[7]  The motion for continuance was granted on October 30, 2007, and Judge Board requested briefing on the other motions.  On January 2, 2008, real party in interest requested a final hearing.  On January 7, 2008, Judge Board denied Shannon's plea to the jurisdiction and plea in bar.  On January 16, 2008, Relators filed a motion to recuse Judge Board.  On May 29, 2008, Relators filed a motion to dismiss for failure to immediately set the motion to recuse.  On June 3, 2008, Judge Bryan Poff denied the motion to recuse.[8]

---

[6] The real party in interest had taken a voluntary non-suit in the original cause number on August 5, 2004.

[7] The real party in interest states that, although these documents were filed stamped November 5, 2007, they were actually filed with the court during the hearing of October 30, 2007.

[8] Judge Poff had been assigned to hear the motion to recuse.

Again, on June 3, 2008, the real party in interest filed a request that the matter be set for trial. Relators filed another motion to dismiss for failure to prosecute on June 16, 2009. Judge Board set a hearing on the motion to dismiss for July 21, 2009. On July 29, 2009, Judge Board denied the motion to dismiss. Prior to Judge Board's ruling on the motion to dismiss, Relators filed a motion to exclude alleging that the search warrant giving rise to the case should be excluded from evidence. The motion to exclude was scheduled for hearing on October 22, 2009. Prior to that hearing, Relators filed their original application for mandamus on August 17, 2009. The real party in interest filed its response to the application for mandamus on August 31, 2009. Relators filed an amended application for mandamus on September 1, 2009 and a response to the real party in interest's response on September 9, 2009.

Standard of Review

Courts of appeals have appellate jurisdiction as specified in article V, section 6, of the Texas Constitution, together with such other original and appellate jurisdiction as may be prescribed by law. TEX. CONST. art. V, § 6. Courts of appeals have jurisdiction to issue writs of mandamus. TEX. GOV'T CODE ANN. § 22.221(b)(1) (Vernon 2004)

Mandamus is a legal remedy, Westerman v. Mims, 111 Tex. 29, 227 S.W. 178, 181 (1921), even though equitable principles apply. In re Int'l Profit Assocs., Inc., 274 S.W.3d 672, 676 (Tex. 2009). A writ of mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law, when there is no other adequate remedy by law. In re CSX Corp., 124 S.W.3d 149, 151 (Tex. 2003).

4

Relators seeking issuance of a writ of mandamus based on the violation of a legal duty must show: (1) a legal duty to perform a non-discretionary act; (2) a demand for performance; and (3) a refusal to act. O'Connor v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992). Fundamental requirements of due process mandate an opportunity to be heard. Creel v. Dist. Att'y for Medina County, 818 S.W.2d 45, 46 (Tex. 1991). Requiring a district court to proceed to trial on a matter is supportable by a mandamus action. Kissam v. Williamson, 545 S.W.2d 265, 267 (Tex.Civ.App.–Tyler 1976, orig. proceeding).

Analysis

Relators contend that, when Judge Board denied their motion to dismiss, he made a decision to "maintain the case on the docket" and, therefore, was required to issue a pretrial order assigning a trial date. Relators cite the Court to Texas Rule of Civil Procedure 165a(1) as authority for this proposition. See TEX. R. CIV. P. 165a(1).[9] Rule 165a(1) states, in pertinent part,

> **1. Failure to appear.** A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice . . . . If the court determines to maintain the case on the docket, it shall render a pretrial order assigning a trial date for the case . . . .

Id.

---

[9] Further reference to the Texas Rules of Civil Procedure shall be by reference to "Rule ___."

The record before this Court reflects that the party seeking affirmative relief, the real party in interest, has appeared at every setting for which the trial court has issued notice. Moreover, Judge Board did not set this matter for consideration on a dismissal docket, rather, the record affirmatively reflects that Relators are basing their demand on the hearing of their motion to dismiss. Therefore, we find their reliance upon Rule 165a(1) to be misplaced. See Alexander v. Lynda's Boutique, 134 S.W.3d 845, 850-51 (Tex. 2004). Accordingly, Relators have not shown that Judge Board failed in a ministerial duty pursuant to the Rule.

However, this does not end our inquiry. Alternatively, Realtors maintain that the trial court "failed to cause either a hearing to be had within twenty days as mandated by the procedures of article 18.18 or the State failed to create and cause to be entered a Judgment on the Art. 18.18 Show Cause Hearing that was had pursuant to the notice issued by Magistrate Board on July 26, 2004." See art. 18.18. First, article 18.18 does not mandate that a hearing be held within 20 days. Id. Article 18.18(e) does direct that a person interested in the property at issue (here, "Thirty-Four Gambling Devices and Six Hundred and Thirty Nine Dollars in United States Currency") appear before the 20th day following issuance of the article 18.18(b) notice or risk forfeiture of any interest in that property. See art. 18.18(e). Following appearance, the trial court must conduct a hearing on the issue and determine the nature of the property and the person's interest therein. Id. At that hearing, the person interested in the property must prove by a preponderance of the evidence that the property is not subject to disposition pursuant to article 18.18 and that he is entitled to possession. Id. At the conclusion of that hearing, the magistrate shall dispose

6

of the property or proceeds in accordance with article 18.18(a).  See art. 18.18(a).  The record reflects that a hearing was scheduled pursuant to the article and that Relator Moreno filed a motion to continue the original hearing.  Because Relators have the burden to prove entitlement to the property, any motion to dismiss for lack of prosecution does not "clearly contain," by operation of law or otherwise, a request that the Magistrate set the matter for trial.  O'Connor, 837 S.W.2d at 97.

Judge Board held the required hearing and, at the conclusion, it appears he attempted to enter a judgment, however, due to the confusion as to the cause number, the judgment was not entered in the surviving case.  Of greater import is the state of the record regarding the actions of Relators.  The record reflects that Relators have filed at least two motions for continuance, one before the initial hearing and one after this Court's mandate issued.  In addition, Relators have filed three other dilatory motions, including a motion to recuse Judge Board.  Based upon the failure of Relators to request Judge Board to set the matter for final hearing before or after he ruled upon their motion to dismiss for want of prosecution, we cannot say Relators have ever made a demand for the Judge to perform his legal duty to set the matter for trial.  See id.  Accordingly, we cannot grant the mandamus based upon Relators' alternate theory.

Additionally, the record before this Court reflects that at least two requests for setting have been made by the real party in interest and that those requests have now been outstanding for more than a year.  At the time of each request, Relators have responded with either a motion for continuance or other dilatory pleading.  Relators' course of action leads to an inescapable conclusion that Relators did not truly desire a trial.  It is of no legal

7

significance that the real party in interest has requested trial settings because Relators must meet the burden of showing their entitlement to mandamus relief based upon their action. See In re Chavez, 62 S.W.3d 225, 229 (Tex.App.–Amarillo 2001, orig. proceeding).

Finally, in the amended application for mandamus, Relators have requested that we address a number of other issues that relate to the underlying cause of action. To support this proposition, Relators have cited the Court to In re Colonial Pipeline Co., 968 S.W.2d 938, 943 (Tex. 1998). While we have the discretionary authority to consider these other issues, we have denied the request for mandamus and, therefore, see no reason to do so.

Conclusion

Relators' application for mandamus is denied.


Mackey K. Hancock
Justice

8