NO. 07-10-00002-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



APRIL
11, 2011

 



 

THIRTY-FOUR GAMBLING DEVICES AND SIX-HUNDRED AND THIRTY NINE DOLLARS IN
UNITED STATES CURRENCY, APPELLANT

 

v.

 

STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 181ST DISTRICT COURT OF
RANDALL COUNTY;

 

NO. 54,834-B; HONORABLE JOHN B. BOARD, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Appellants, Johnny Shannon and
Michelle Medrano, appeal a judgment forfeiting thirty-four gambling devices,
$639 cash, and other items which were seized from Medrano=s possession.  We vacate the judgment of the trial court and
dismiss trial court cause number 54,834-B.

 

 

Background

On June
24, 2003, an Affidavit for Search Warrant was submitted to Judge John B.
Board.  The affiant was Corporal Dan Howington of the Amarillo Police Department.  In his affidavit, Howington
described the results of an undercover investigation, concluded that his
investigation revealed facts sufficient to establish probable cause to believe
that illegal gambling activities were occurring at a business known as AThe Other Place,@ and requested the issuance of a
search warrant.  On that same day, Judge
Board issued a warrant to search AThe Other Place@ based upon Howington=s affidavit.  As a result of the search, the property at
issue in this case was seized.  Medrano
was the person found in possession of the property at the time of the seizure.

The State filed a Petition for
Forfeiture of Gambling Devices and/or Gambling Paraphernalia and Gambling
Proceeds seeking forfeiture of the seized property pursuant to article 18.18 of
the Texas Code of Criminal Procedure.  See
Tex. Code Crim. Proc.
Ann. art. 18.18 (Vernon 2005).[1]  Medrano filed a general denial.  The trial court set the forfeiture for trial
and sent a general notice to the parties.

One day
prior to the date set for the trial, Medrano filed a Plea in Abatement and
Motion for Continuance objecting to the court=s notice as failing to comply with the notice required by
article 18.18.  The court reset the trial
for a later date and issued a Notice Pursuant to Texas Code of Criminal
Procedure B Article 18.18 (Athe court=s notice@). 

While
hearing certain pre-trial motions filed by Medrano in cause number 53,716-B,
the trial court indicated that it had intended for the forfeiture proceeding to
have proceeded under a new cause number initiated by the court=s notice rather than under the State=s petition.  However, because the court=s notice had not been issued a new
cause number and had, in fact, been noted as being given in cause number
53,716-B,[2]
the trial court called the only cause that existed at that time, cause number
53,716-B.  After resolution of pre-trial
matters, the court called the case to be tried by stating Awe will proceed under the 18.18
notice in 53,716-B.@ 


Following
trial, the court rendered judgment that the seized property was prohibited
gambling devices, paraphernalia, and proceeds. 
The court then rendered judgment that the machines were gambling devices
and gambling paraphernalia and that the currency was gambling proceeds.  

After
rendition but prior to written judgment, the State filed a Motion to Sever requesting that all issues in cause number 53,716-B be
severed into a new cause number initiated by the court=s notice.  The purpose of the severance request was to
effectuate the trial court=s stated intent to conduct the
forfeiture proceedings under the court=s notice.  The State
further indicated that, if the proceedings were severed into a new cause
arising from the court=s notice, the State intended to
dismiss the 53,716-B cause number. 
Medrano objected to the severance contending that the State=s severance request was untimely.  The trial court granted the State=s severance on the same day that it
entered judgment in cause number 53,716-B. 
By its severance order, any pleadings filed in cause number 53,716-B
that arose from, or were responsive to, the court=s notice were to be severed into a new cause, which was
assigned cause number 54,834-B. 
Following the severance, the State filed a Motion for Nonsuit in cause number 53,716-B, which was granted by the
trial court.  Medrano filed a Motion to
Strike or, Alternatively, for New Trial objecting that
the court=s severance came after the case had
been submitted to the fact-finder.  These
motions were overruled by operation of law.

Medrano appealed the judgment.  However, her notice of appeal challenged the
judgment entered in cause number 54,834-B. 
In that appeal, this Court determined that no judgment was entered in
cause number 54,834-B and, therefore, we dismissed the appeal for want of
jurisdiction.  See In re
Thirty-Four Gambling Devices, No. 07-04-0548-CV, 2006 Tex.App.
LEXIS 775, at *8 (Tex.App.—Amarillo
January 30, 2006, no pet.) (mem.
op.).  This Court’s mandate issued
February 5, 2006.

Subsequently, the State requested a
trial setting in cause number 54,834-B by letter dated
November 29, 2006.  The trial court
advised the parties that it had set the trial in cause number 54,834-B for
October 30, 2007.  Medrano, now joined by
Shannon (collectively “appellants”), filed a Plea to the Jurisdiction and Plea
in Bar that challenged the trial court’s severance order and asserted that the
dismissal of the judgment entered in cause number 53,716-B barred relitigation under the doctrine of res judicata.  The trial court denied these pleas by order
dated January 4, 2008.  Appellants then
filed a Motion to Recuse the
trial court judge on January 17, 2008, which they amended on March 6,
2008.  On June 3, 2008, the Honorable H.
Bryan Poff, Jr. denied the motion.  

On multiple occasions throughout the
period from the issuance of this Court’s mandate in appellate cause number
07-04-0548-CV until the entry of the presently appealed judgment, appellants
filed Motions to Dismiss for Want of Prosecution.  Each of these motions were
denied by the trial court.  Appellants
filed a petition for writ of mandamus with this Court on August 17, 2009,
challenging the denial of their motions to dismiss.  This Court denied appellants’ petition.  See In re Thirty-Four Gambling
Devices, 304 S.W.3d 503, 507 (Tex.App.—Amarillo
2009, orig. proceeding).

On November 30, 2009, trial was held
in cause number 54,834-B.  No testimony
was offered by either party.  However,
the State sought and obtained admission of Corporal Howington’s
Affidavit for Search Warrant and the Search Warrant issued by Judge Board.  In response, appellants moved for directed
verdict contending that the State had failed to meet its burden to establish
probable cause for the seizure of the property. 
The trial court overruled the directed verdict motion.  On December 2, 2009, the trial court entered
a written judgment in cause number 54,834-B that the machines were gambling
devices and gambling paraphernalia and that the currency was gambling proceeds
and forfeiting the property to the State. 
From this judgment, appellants now appeal.

Appellants seek appellate relief by
seven issues.  By their first issue,
appellants contend that the current relitigation of
the forfeiture was barred by the doctrine of res judicata.  By their second issue, appellants contend
that the trial court’s post-judgment severance was invalid and, therefore,
there is no cause to have been tried in the present proceeding.  By their third and fourth issues, appellants
contend that the case should have been dismissed for want of prosecution.  By their fifth issue, appellants contend that
the evidence was insufficient to support forfeiture of the property.  By their sixth issue, appellants contend that
the trial court denied appellants their right to cross-examine a fact
witness.  By their seventh issue,
appellants contend that the article 18.18 notice that was given by the magistrate
was fatally defective.  We will limit our
analysis to appellants’ second issue as resolution of this issue is all that is
needed to dispose of the present appeal. 
See Tex. R. App. P.
47.1.

Severance of Cause Number 53,716-B

            Appellants second issue contends that the trial court’s
severance of the pleadings in trial court cause number 53,716-B into a new
cause number was invalid and, therefore, no pleadings are present in cause
number 54,834-B to support the forfeiture of the subject property in this
case.  Appellants base their contention
on the fact that the trial court severed the pleadings in cause number 53,716-B
into cause number 54,834-B after the case had already been submitted to the
trial court for resolution and, in fact, after judgment had already been
rendered in cause number 53,716-B.  The
State responds that the severance was not actually a severance but was rather a
correction of a clerk’s error that memorialized the trial court’s stated intent
before the original forfeiture proceeding was held in
cause number 53,716-B.

            Before
we address the propriety of the trial court’s severance, we need to discuss the
procedure by which the State obtains a forfeiture of property used in a
crime.  A civil forfeiture proceeding
under chapter 18 of the Texas Code of Criminal Procedure is an in rem
proceeding.  Hardy
v. State, 102 S.W.3d 123, 126-27 (Tex. 2003).  As such, it is a proceeding against the
property itself, not against the owner and does not involve the conviction of
the owner or possessor of the property seized. 
Id. at 127.  A forfeiture proceeding is initiated when the
State presents an affidavit to a magistrate identifying sufficient facts to
establish probable cause exists that the property is subject to seizure under
article 18.02, and obtains a search warrant from the magistrate.  Id. 
Thus, it is the determination of probable cause to support the issuance
of the search warrant that initiates the forfeiture, rather than the State’s
motion or the show cause notice that the magistrate is required to issue.  See id.  

            After
the property is seized and if the person found in possession of the property
has not been convicted, the State may obtain forfeiture of the seized property
under the authority of article 18.18(b). 
Under this procedure, a law enforcement agency shall make a motion for
forfeiture of the property in a timely manner after it is informed in writing
by the attorney representing the state that no prosecution will arise from the
seizure.  See art. 18.18(b); Hardy,
102 S.W.3d at 127. 
In addition, the magistrate is required to notify the person found in
possession of the property to show cause why the
seized property should not be destroyed or forfeited.  See art. 18.18(b); Hardy, 102 S.W.3d at 127.  If
an interested person contests the proposed forfeiture, the magistrate must
conduct an adversarial show cause hearing at which the interested person is
tasked with proving by a preponderance of the evidence that the property is not
subject to forfeiture.  See art.
18.18(f); Hardy, 102 S.W.3d at 127.  Ultimately, the property is forfeited to the
State unless an interested person shows that the property is not subject to
forfeiture under the statute.  See
arts. 18.02, 18.18(f); Hardy, 102 S.W.3d at 128.

A review of the record in this appeal
shows that every required step of the forfeiture process was accomplished in
trial court cause number 53,716-B. 
However, for some reason, the trial court attempted to sever the
pleadings into a new cause number after the court had already rendered judgment
in cause number 53,716-B.  

A claim may be properly severed only
if: (1) the controversy involves more than one cause of action, (2) the severed
claim is one that would be proper if independently asserted, and (3) the
severed claim is not so interwoven with the remaining action that they involve
the same facts and issues.  State
Dep’t of Highways & Pub. Transp. v. Cotner, 845 S.W.2d 818, 819 (Tex.
1993).  Additionally,
even when a case may be properly severed, a severance must be affected prior to
the point at which all the facts have been presented to the finder of fact and
the parties have requested a resolution. 
See Tex. R. Civ. P. 41; In re El Paso
County Hosp. Dist., 979 S.W.2d 10, 12 (Tex.App.—El
Paso 1998, orig. proceeding).

In the present case, it is clear that
there was only one cause of action asserted in cause number 53,716-B,
specifically a request for forfeiture of the seized property.  Further, the State did not request severance
nor did the trial court enter its severance order until after the case was
submitted to the fact-finder.  In fact,
the trial court had already rendered judgment of forfeiture in open court prior
to its entry of the severance order. 
Thus, it is clear that the trial court was without authority to enter
its severance order.[3]

The State contends that the order
denominated as a severance order was simply a correction of the trial court
clerk’s erroneous identification of the wrong cause number on the trial court’s
show cause notice, and that it memorialized the trial court’s stated intent for
the show cause hearing to have proceeded under a separate cause initiated by
the trial court’s article 18.18 notice. 
However, as discussed above, a forfeiture
proceeding is initiated by a request for and the issuance of a search warrant,
rather than by the magistrate’s required notice under article 18.18.  See Hardy, 102
S.W.3d at 127.  Further, the trial
court did not clearly state its intent for the show cause hearing to proceed
under a separate cause number initiated by the court’s show cause notice.  In fact, after noting that a new cause number
was not assigned to the show cause notice, the trial court proceeded to hold
the show cause hearing by specifically calling the original cause number,
53,716-B.  Finally, while we do not find
support for the State’s position in the record, even if we were to accept the
State’s characterization of the trial court’s severance order, such an action
would constitute an improper post-trial attempt to sever a cause of action into
another cause.[4]  See Coalition of Cities for
Affordable Util. Rates v. Pub. Util. Comm’n, 798
S.W.2d 560, 564 (Tex. 1990) (after submission of a case to the trier of fact, the PUC’s attempt to sever a portion of the
cause for subsequent reconsideration constitutes an “improper post-trial
attempt to split a cause of action”).

Finally, the State contends that,
even if the severance was invalid, appellants did not suffer harm from the
error since the effect of the severance and this Court’s prior ruling was to afford
appellants a second trial of the forfeiture. 
However, while the judgment entered in cause number 53,716-B was proper
and could have been enforced, the State voluntarily dismissed this cause of
action.  Because the severance of the
pleadings in cause number 53,716-B into cause number 54,834-B was invalid,
there were no pleadings to support the second trial in cause number
54,834-B.  Consequently, cause number
54,834-B did not contain the show cause notice that the magistrate is required
to issue in a forfeiture proceeding under article 18.18.  See art. 18.18(b); see also
Fifty-One Gambling Devices v. State, No. 07-03-0133-CV, 2004 Tex.App. LEXIS 2896, at *8-*10 (Tex.App.—Amarillo March 31, 2004, no pet.) (Because
the law abhors forfeiture, the requirements of article 18.18 must be strictly
complied with before property may be forfeited).   Since this notice is required for
forfeiture, the trial court did not have authority to enter judgment of
forfeiture in cause number 54,834-B, and appellants were harmed.

While the State presumably could have
filed a new petition for forfeiture of the property, the record establishes
that it did not do so.  Additionally,
because the severance order in cause number 53,716-B was invalid and did not
transfer the pleadings entered in cause number
53,716-B into cause number 54,834-B, there was no valid cause under which the
State could obtain forfeiture of the seized property.  As such, we sustain appellants’ second issue,
vacate the trial court’s judgment in cause number 54,834-B, and dismiss cause
number 54,834-B.

Conclusion

            For
the foregoing reasons, we vacate the trial court’s judgment and dismiss cause
number 54,834-B.

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice








 











[1]Further reference
to provisions of the Texas Code of Criminal Procedure will be by reference to Aarticle ___@ or “art. ___.”





[2] It appears that the district clerk wrote in cause
number 53,716-B on the court’s notice, and that the notice was served on
Medrano identifying cause number 53,716-B as the cause in which she was noticed
to appear and show cause.





[3] We note that our prior opinion discussed the trial
court’s severance order as if it were valid.  See In re Thirty-Four Gambling
Devices, 2006 Tex.App. LEXIS
775, at *5-*6.  However, our
analysis of the severance order was limited to a review of what the order
purported to sever.  That opinion did not
need to address the validity of the severance order because it was based on the
absence of a final judgment in cause number 54,834-B combined with the
severance order not even purporting to sever the judgment in cause number
53,716-B.  See id. at *8.

 





[4] The State
argues that the trial court’s severance order cannot be construed as an
improper post-trial attempt to split a cause of action because there was no
cause of action left to split.  While we
agree with the State that the sole cause of action asserted in cause number
53,716-B was incapable of being split and that all issues to be resolved in
cause number 53,716-B had been resolved before the trial court entered its
“severance order,” the State has failed to identify any authority and we found no
authority that would authorize a trial court to try a case to rendition under one
cause number only to then assign the case a different cause number afterward.