NO. 07-10-00002-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 11, 2011

_____

THIRTY-FOUR GAMBLING DEVICES AND SIX-HUNDRED
AND THIRTY NINE DOLLARS IN UNITED STATES
CURRENCY, APPELLANT

v.

STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 54,834-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellants, Johnny Shannon and Michelle Medrano, appeal a judgment forfeiting thirty-four gambling devices, $639 cash, and other items which were seized from Medrano's possession. We vacate the judgment of the trial court and dismiss trial court cause number 54,834-B.

Background

On June 24, 2003, an Affidavit for Search Warrant was submitted to Judge John B. Board. The affiant was Corporal Dan Howington of the Amarillo Police Department. In his affidavit, Howington described the results of an undercover investigation, concluded that his investigation revealed facts sufficient to establish probable cause to believe that illegal gambling activities were occurring at a business known as "The Other Place," and requested the issuance of a search warrant. On that same day, Judge Board issued a warrant to search "The Other Place" based upon Howington's affidavit. As a result of the search, the property at issue in this case was seized. Medrano was the person found in possession of the property at the time of the seizure.

The State filed a Petition for Forfeiture of Gambling Devices and/or Gambling Paraphernalia and Gambling Proceeds seeking forfeiture of the seized property pursuant to article 18.18 of the Texas Code of Criminal Procedure. See TEX. CODE CRIM. PROC. ANN. art. 18.18 (Vernon 2005).[1] Medrano filed a general denial. The trial court set the forfeiture for trial and sent a general notice to the parties.

One day prior to the date set for the trial, Medrano filed a Plea in Abatement and Motion for Continuance objecting to the court's notice as failing to comply with the notice required by article 18.18. The court reset the trial for a later date and issued a Notice Pursuant to Texas Code of Criminal Procedure – Article 18.18 ("the court's notice").

---

[1]Further reference to provisions of the Texas Code of Criminal Procedure will be by reference to "article ___" or "art. ___."

While hearing certain pre-trial motions filed by Medrano in cause number 53,716-B, the trial court indicated that it had intended for the forfeiture proceeding to have proceeded under a new cause number initiated by the court's notice rather than under the State's petition. However, because the court's notice had not been issued a new cause number and had, in fact, been noted as being given in cause number 53,716-B,[2] the trial court called the only cause that existed at that time, cause number 53,716-B. After resolution of pre-trial matters, the court called the case to be tried by stating "we will proceed under the 18.18 notice in 53,716-B."

Following trial, the court rendered judgment that the seized property was prohibited gambling devices, paraphernalia, and proceeds. The court then rendered judgment that the machines were gambling devices and gambling paraphernalia and that the currency was gambling proceeds.

After rendition but prior to written judgment, the State filed a Motion to Sever requesting that all issues in cause number 53,716-B be severed into a new cause number initiated by the court's notice. The purpose of the severance request was to effectuate the trial court's stated intent to conduct the forfeiture proceedings under the court's notice. The State further indicated that, if the proceedings were severed into a new cause arising from the court's notice, the State intended to dismiss the 53,716-B cause number. Medrano objected to the severance contending that the State's severance request was untimely. The trial court granted the State's severance on the

---

[2] It appears that the district clerk wrote in cause number 53,716-B on the court's notice, and that the notice was served on Medrano identifying cause number 53,716-B as the cause in which she was noticed to appear and show cause.

same day that it entered judgment in cause number 53,716-B. By its severance order, any pleadings filed in cause number 53,716-B that arose from, or were responsive to, the court's notice were to be severed into a new cause, which was assigned cause number 54,834-B. Following the severance, the State filed a Motion for Nonsuit in cause number 53,716-B, which was granted by the trial court. Medrano filed a Motion to Strike or, Alternatively, for New Trial objecting that the court's severance came after the case had been submitted to the fact-finder. These motions were overruled by operation of law.

Medrano appealed the judgment. However, her notice of appeal challenged the judgment entered in cause number 54,834-B. In that appeal, this Court determined that no judgment was entered in cause number 54,834-B and, therefore, we dismissed the appeal for want of jurisdiction. See In re Thirty-Four Gambling Devices, No. 07-04-0548-CV, 2006 Tex.App. LEXIS 775, at *8 (Tex.App.—Amarillo January 30, 2006, no pet.) (mem. op.). This Court's mandate issued February 5, 2006.

Subsequently, the State requested a trial setting in cause number 54,834-B by letter dated November 29, 2006. The trial court advised the parties that it had set the trial in cause number 54,834-B for October 30, 2007. Medrano, now joined by Shannon (collectively "appellants"), filed a Plea to the Jurisdiction and Plea in Bar that challenged the trial court's severance order and asserted that the dismissal of the judgment entered in cause number 53,716-B barred relitigation under the doctrine of res judicata. The trial court denied these pleas by order dated January 4, 2008. Appellants then filed a

4

Motion to Recuse the trial court judge on January 17, 2008, which they amended on March 6, 2008. On June 3, 2008, the Honorable H. Bryan Poff, Jr. denied the motion.

On multiple occasions throughout the period from the issuance of this Court's mandate in appellate cause number 07-04-0548-CV until the entry of the presently appealed judgment, appellants filed Motions to Dismiss for Want of Prosecution. Each of these motions were denied by the trial court. Appellants filed a petition for writ of mandamus with this Court on August 17, 2009, challenging the denial of their motions to dismiss. This Court denied appellants' petition. See In re Thirty-Four Gambling Devices, 304 S.W.3d 503, 507 (Tex.App.—Amarillo 2009, orig. proceeding).

On November 30, 2009, trial was held in cause number 54,834-B. No testimony was offered by either party. However, the State sought and obtained admission of Corporal Howington's Affidavit for Search Warrant and the Search Warrant issued by Judge Board. In response, appellants moved for directed verdict contending that the State had failed to meet its burden to establish probable cause for the seizure of the property. The trial court overruled the directed verdict motion. On December 2, 2009, the trial court entered a written judgment in cause number 54,834-B that the machines were gambling devices and gambling paraphernalia and that the currency was gambling proceeds and forfeiting the property to the State. From this judgment, appellants now appeal.

Appellants seek appellate relief by seven issues. By their first issue, appellants contend that the current relitigation of the forfeiture was barred by the doctrine of res judicata. By their second issue, appellants contend that the trial court's post-judgment

5

severance was invalid and, therefore, there is no cause to have been tried in the present proceeding. By their third and fourth issues, appellants contend that the case should have been dismissed for want of prosecution. By their fifth issue, appellants contend that the evidence was insufficient to support forfeiture of the property. By their sixth issue, appellants contend that the trial court denied appellants their right to cross-examine a fact witness. By their seventh issue, appellants contend that the article 18.18 notice that was given by the magistrate was fatally defective. We will limit our analysis to appellants' second issue as resolution of this issue is all that is needed to dispose of the present appeal. See TEX. R. APP. P. 47.1.

### Severance of Cause Number 53,716-B

Appellants second issue contends that the trial court's severance of the pleadings in trial court cause number 53,716-B into a new cause number was invalid and, therefore, no pleadings are present in cause number 54,834-B to support the forfeiture of the subject property in this case. Appellants base their contention on the fact that the trial court severed the pleadings in cause number 53,716-B into cause number 54,834-B after the case had already been submitted to the trial court for resolution and, in fact, after judgment had already been rendered in cause number 53,716-B. The State responds that the severance was not actually a severance but was rather a correction of a clerk's error that memorialized the trial court's stated intent before the original forfeiture proceeding was held in cause number 53,716-B.

Before we address the propriety of the trial court's severance, we need to discuss the procedure by which the State obtains a forfeiture of property used in a

6

crime. A civil forfeiture proceeding under chapter 18 of the Texas Code of Criminal Procedure is an *in rem* proceeding. Hardy v. State, 102 S.W.3d 123, 126-27 (Tex. 2003). As such, it is a proceeding against the property itself, not against the owner and does not involve the conviction of the owner or possessor of the property seized. Id. at 127. A forfeiture proceeding is initiated when the State presents an affidavit to a magistrate identifying sufficient facts to establish probable cause exists that the property is subject to seizure under article 18.02, and obtains a search warrant from the magistrate. Id. Thus, it is the determination of probable cause to support the issuance of the search warrant that initiates the forfeiture, rather than the State's motion or the show cause notice that the magistrate is required to issue. See id.

After the property is seized and if the person found in possession of the property has not been convicted, the State may obtain forfeiture of the seized property under the authority of article 18.18(b). Under this procedure, a law enforcement agency shall make a motion for forfeiture of the property in a timely manner after it is informed in writing by the attorney representing the state that no prosecution will arise from the seizure. See art. 18.18(b); Hardy, 102 S.W.3d at 127. In addition, the magistrate is required to notify the person found in possession of the property to show cause why the seized property should not be destroyed or forfeited. See art. 18.18(b); Hardy, 102 S.W.3d at 127. If an interested person contests the proposed forfeiture, the magistrate must conduct an adversarial show cause hearing at which the interested person is tasked with proving by a preponderance of the evidence that the property is not subject to forfeiture. See art. 18.18(f); Hardy, 102 S.W.3d at 127. Ultimately, the property is

7

forfeited to the State unless an interested person shows that the property is not subject to forfeiture under the statute. See arts. 18.02, 18.18(f); Hardy, 102 S.W.3d at 128.

A review of the record in this appeal shows that every required step of the forfeiture process was accomplished in trial court cause number 53,716-B. However, for some reason, the trial court attempted to sever the pleadings into a new cause number after the court had already rendered judgment in cause number 53,716-B.

A claim may be properly severed only if: (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be proper if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. State Dep't of Highways & Pub. Transp. v. Cotner, 845 S.W.2d 818, 819 (Tex. 1993). Additionally, even when a case may be properly severed, a severance must be affected prior to the point at which all the facts have been presented to the finder of fact and the parties have requested a resolution. See TEX. R. CIV. P. 41; In re El Paso County Hosp. Dist., 979 S.W.2d 10, 12 (Tex.App.—El Paso 1998, orig. proceeding).

In the present case, it is clear that there was only one cause of action asserted in cause number 53,716-B, specifically a request for forfeiture of the seized property. Further, the State did not request severance nor did the trial court enter its severance order until after the case was submitted to the fact-finder. In fact, the trial court had already rendered judgment of forfeiture in open court prior to its entry of the severance

order. Thus, it is clear that the trial court was without authority to enter its severance order.[3]

The State contends that the order denominated as a severance order was simply a correction of the trial court clerk's erroneous identification of the wrong cause number on the trial court's show cause notice, and that it memorialized the trial court's stated intent for the show cause hearing to have proceeded under a separate cause initiated by the trial court's article 18.18 notice. However, as discussed above, a forfeiture proceeding is initiated by a request for and the issuance of a search warrant, rather than by the magistrate's required notice under article 18.18. See Hardy, 102 S.W.3d at 127. Further, the trial court did not clearly state its intent for the show cause hearing to proceed under a separate cause number initiated by the court's show cause notice. In fact, after noting that a new cause number was not assigned to the show cause notice, the trial court proceeded to hold the show cause hearing by specifically calling the original cause number, 53,716-B. Finally, while we do not find support for the State's position in the record, even if we were to accept the State's characterization of the trial court's severance order, such an action would constitute an improper post-trial attempt to sever a cause of action into another cause.[4] See Coalition of Cities for Affordable

---

[3] We note that our prior opinion discussed the trial court's severance order as if it were valid. See In re Thirty-Four Gambling Devices, 2006 Tex.App. LEXIS 775, at *5-*6. However, our analysis of the severance order was limited to a review of what the order purported to sever. That opinion did not need to address the validity of the severance order because it was based on the absence of a final judgment in cause number 54,834-B combined with the severance order not even purporting to sever the judgment in cause number 53,716-B. See id. at *8.

[4] The State argues that the trial court's severance order cannot be construed as an improper post-trial attempt to split a cause of action because there was no cause of

9

Util. Rates v. Pub. Util. Comm'n, 798 S.W.2d 560, 564 (Tex. 1990) (after submission of a case to the trier of fact, the PUC's attempt to sever a portion of the cause for subsequent reconsideration constitutes an "improper post-trial attempt to split a cause of action").

Finally, the State contends that, even if the severance was invalid, appellants did not suffer harm from the error since the effect of the severance and this Court's prior ruling was to afford appellants a second trial of the forfeiture. However, while the judgment entered in cause number 53,716-B was proper and could have been enforced, the State voluntarily dismissed this cause of action. Because the severance of the pleadings in cause number 53,716-B into cause number 54,834-B was invalid, there were no pleadings to support the second trial in cause number 54,834-B. Consequently, cause number 54,834-B did not contain the show cause notice that the magistrate is required to issue in a forfeiture proceeding under article 18.18. See art. 18.18(b); see also Fifty-One Gambling Devices v. State, No. 07-03-0133-CV, 2004 Tex.App. LEXIS 2896, at *8-*10 (Tex.App.—Amarillo March 31, 2004, no pet.) (Because the law abhors forfeiture, the requirements of article 18.18 must be strictly complied with before property may be forfeited). Since this notice is required for forfeiture, the trial court did not have authority to enter judgment of forfeiture in cause number 54,834-B, and appellants were harmed.

_____

action left to split. While we agree with the State that the sole cause of action asserted in cause number 53,716-B was incapable of being split and that all issues to be resolved in cause number 53,716-B had been resolved before the trial court entered its "severance order," the State has failed to identify any authority and we found no authority that would authorize a trial court to try a case to rendition under one cause number only to then assign the case a different cause number afterward.

While the State presumably could have filed a new petition for forfeiture of the property, the record establishes that it did not do so. Additionally, because the severance order in cause number 53,716-B was invalid and did not transfer the pleadings entered in cause number 53,716-B into cause number 54,834-B, there was no valid cause under which the State could obtain forfeiture of the seized property. As such, we sustain appellants' second issue, vacate the trial court's judgment in cause number 54,834-B, and dismiss cause number 54,834-B.

## Conclusion

For the foregoing reasons, we vacate the trial court's judgment and dismiss cause number 54,834-B.


Mackey K. Hancock
Justice


11