

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00371-CV

IN RE RICHARD SUROVIK, RELATOR

ORIGINAL PROCEEDING

March 8, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

In this original proceeding, Relator, Richard Surovik seeks a writ of mandamus compelling respondent, the Honorable Keith Schroeder, judge of the Burleson County Court, to vacate a January 31, 2017 order transferring a contested matter in probate from the county court to the district court.[1]  Richard further asks that we declare "all actions taken in and by" the district court in the probate matter void and order Judge Schroeder to request assignment of the entire probate proceeding to a statutory probate court judge. Real party in interest is Sara Jayne Wolz, individually and as dependent administrator of

---

[1] Burleson County is part of the Tenth Court of Appeals District.  *See* TEX. GOV'T CODE ANN. § 22.201(k) (West Supp. 2020); *id.* § 22.221(b)(1) (West Supp. 2020) (providing geographic limitation on power of courts of appeals to issue writ of mandamus).  However, the present mandamus proceeding was transferred from the Tenth Court of Appeals to this Court by order of the Supreme Court of Texas.  *See id.* § 73.001 (West 2013) (authorizing Supreme Court of Texas to transfer cases from one court of appeals to another for good cause).

the estate of William Louis Surovik, Jr., deceased. At our request, Wolz filed a response to Richard's petition. For the reasons discussed below, we deny Richard's petition.

## Background

William Louis Surovik, Jr. died testate in Burleson County on July 28, 2016. His wife, Sara Jo Surovik, filed an application to probate a will dated November 27, 1968, in the county court. By order of Judge Schroeder, the will was admitted to probate and Sara Jo was appointed independent executor of the estate on October 19, 2016.[2] Routine matters in the administration of the probate estate followed, including filing the publisher's affidavit with notice to creditors and the inventory, appraisement, and list of claims.

Disagreements over the estate between Richard and the estate's personal representative became evident and have since permeated this lawsuit. In November 2016, Richard refused delivery of a certified letter from Sara Jo's attorney. On December 29, 2016, attorney Wesley T. Keng filed a notice of appearance as counsel for Richard. In a letter dated January 6, 2017, from Keng to Sara Jo's counsel, Keng stated that Richard did not agree to a proposed division of the estate and that the division did not "seem to follow the percentages listed in the will." On January 31, 2017, attorney Laura Upchurch filed a motion for substitution as counsel for Sara Jo. In part, the motion alleged "[i]n light of disputes that have arisen with regard to the partition and distribution of the assets of the Estate, Executrix has now hired Laura Upchurch . . . ."

---

[2] Unless otherwise indicated, all references to Sara Jo shall be to her in her representative capacity as independent executor of her husband's probate estate. Following the death of Sara Jo in June 2019, Wolz was appointed dependent administrator of the estate.

2

On the same day as the motion for substitution, Sara Jo filed a "Motion to Transfer Contested Matters to District Court."  In relevant part, the pleading "request[ed] that the [county court] transfer all contested matters in this probate action to the District Court of Burleson County, Texas, pursuant to Section 32.003 of the Texas Estates Code . . . ."  That same day, Judge Schroeder signed an order transferring "this cause . . . to the District Court of Burleson County, Texas, for determination of the contested matters in this probate proceeding."

Thereafter, for almost four years, the parties litigated a multiplicity of estate-related disagreements in the district court, where Richard both sought relief and opposed relief to other parties.  Richard has now challenged rulings of the district court via eight appeals currently pending in this Court.[3]  During December 2017, Richard filed an objection to the amended inventory, appraisement, and list of claims filed by Sara Jo.  Richard sought the removal of Sara Jo as independent executor in a June 2018 motion.  After having received several orders with which he disagreed, in May 2019, Richard filed a motion in the district court challenging Judge Schroeder's transfer order asserting, *inter alia,* its asserted voidness due to the absence of a contested matter at the time of the transfer.

No ruling was obtained on the motion, however, so the district court litigation continued.  In July 2019, Richard filed a motion for summary judgment, seeking the district court's declaration that the 1968 will was contractual.  In January 2020, Richard filed an instrument with the district clerk entitled "Affidavit of Constructive Trust" and an ostensible claim stating that "on receipt" he was due from the estates of his father and mother the

---

[3] *In re Estate of Surovik,* 07-20-0226-CV; 07-20-00271-CV; 07-20-00320-CV; 07-20-00321-CV; 07-20-00345-CV; 07-20-00346-CV; 07-20-00347-CV; 07-20-00348-CV.  Each appeal was originally filed in the Tenth Court of Appeals and was transferred to this Court by order of the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001.

sum of $10,417,986. In March 2020, Richard filed an objection to Wolz's application to sell personal property of the estate; the next month, he filed an objection, including a general denial, to Wolz's application for partition and distribution of estate real property. Richard then filed an amended pleading in the district court alleging that court lacked subject matter jurisdiction, which was denied by verbal rendition on December 4, 2020.[4]

## Analysis

**Propriety of Transfer Order**

It is beyond any reasonable dispute that the issues in this estate dispute are currently contested. Instead, Richard contends Judge Schroeder originally abused his discretion by "enter[ing] a transfer order when there were no contested matters . . . ." We disagree.

The writ of mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). If a trial court issues an order "beyond its jurisdiction," mandamus relief is appropriate because such an order is void *ab initio. In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex.

---

[4] The facts concerning sales of estate real property to third parties, attorney Keng's January 6, 2017 letter, and Surovik's receipt of estate personal property are taken from outside the mandamus record, but are properly judicially noticed because they are well known and easily ascertainable (*i.e.*, "verifiably certain"), *Eagle Trucking Co. v. Tex. Bitulithic Co.,* 612 S.W.2d 503, 506 (Tex. 1981), by resort to the record of the eight appeals involving these parties that are pending in this Court. *See Havins v. First Nat. Bank of Paducah,* 919 S.W.2d 177, 184 (Tex. App.—Amarillo 1996, no writ) (stating judicial notice requires fact be verifiably certain and relatively indisputable). Judicial notice of the indicated facts from the appellate record is therefore taken. *See Douglas v. Am. Title Co.,* 196 S.W.3d 876, 878 n.1 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (stating an appellate court may take judicial notice of its own records between the same parties involving the same subject matter); *In re Innovation Res. Sol., LLC,* No. 12-15-00254-CV, 2016 Tex. App. LEXIS 3303, at *8 (Tex. App.—Tyler Mar. 31, 2016, orig. proceeding) (mem. op.) (taking judicial notice of hearing transcript filed in prior, related mandamus proceeding).

4

2000) (orig. proceeding). In a mandamus proceeding, it is the relator's burden to demonstrate entitlement to the relief requested. *In re Posey,* No. 07-03-00518-CV, 2004 Tex. App. LEXIS 695, at *1-2 (Tex. App.—Amarillo Jan. 22, 2004, orig. proceeding) (mem. op.). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

"In a county in which there is no statutory probate court or county court at law exercising original probate jurisdiction, the county court has original jurisdiction of probate proceedings." TEX. ESTATES CODE ANN. § 32.002(a) (West 2020). Burleson County does not have a statutory probate court or county court at law exercising original probate jurisdiction. *See* TEX. GOV'T CODE ANN. Chapter 25, Subchapter C (providing no statute authorizing either court); TEX. GOV'T CODE ANN. § 26.126 (West 2019) (providing "[i]n addition to other jurisdiction provided by law, the County Court of Burleson County has original concurrent jurisdiction with the justice courts in all civil matters in which the justice courts have jurisdiction under general law."). Therefore, original jurisdiction of probate proceedings in Burleson County is in the county court. In counties like Burleson, however, "when a matter in a probate proceeding is contested, the judge of the county court may, on the judge's own motion, or shall, on the motion of any party to the proceeding . . . transfer the contested matter to the district court, which may then hear the contested matter as if originally filed in the district court." TEX. ESTATES CODE ANN. § 32.003(a) (West 2020).

At the time Judge Schroeder transferred the case, the record included the statement by counsel for Wolz that "[i]n light of disputes that have arisen with regard to the partition and distribution of the assets of the Estate, Executrix has now hired Laura

5

Upchurch . . . ." The Estates Code does not define the phrase "contested matter." But in that respect, it has been said that a contest exists in a probate matter when a pleading is filed setting out facts sufficient to show some reasonable grounds for believing there are two or more parties or claimants to assets of an estate and a bona fide controversy exists between them concerning those assets. *Brown v. Crockett,* 601 S.W.2d 188, 190 (Tex. Civ. App.—Austin 1980, no writ). In other words, a contested probate matter exists if at least one of the pleadings shows that the parties to the suit have adopted adverse positions. *Jackson v. Thompson,* 610 S.W.2d 519, 522 (Tex. Civ. App.—Houston [1st Dist.] 1980, no writ).

Judge Schroeder had no discretion not to transfer a contested probate matter on Wolz's motion if any matter was contested at the time. TEX. ESTATES CODE ANN. § 32.003(a)(2). The question is whether the court properly found the existence of a contested matter before granting the motion to transfer. Given the uncontroverted statement of counsel in her motion that the partition and distribution of the estate was disputed, on this record we cannot say Judge Schroeder committed a clear abuse of discretion by transferring the case. To the extent Richard additionally contends the district court rendered orders concerning uncontested matters, those orders are not identified or included in the mandamus record. *See* TEX. R. APP. P. 52.3(j) (requiring certification that every factual statement in petition is supported by competent evidence in appendix or record); (k)(1)(A) (appendix must contain certified or sworn copy of any order complained of or other document showing matter complained of); 52.7(a)(1) (record must contain certified or sworn copy of every document material to relator's claim for relief and that was filed in any underlying proceeding).

6

Moreover, even if on the date Judge Schroeder signed the transfer order a contested probate matter did not exist, we would still deny mandamus relief because there existed a contested probate proceeding at the time this original proceeding was initiated in this Court. Though subject matter jurisdiction cannot be bestowed by consent or waiver, *see, e.g., Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 76 (Tex. 2000), we believe the district court's jurisdiction attaches once a contested matter arises, much the same as the justiciability doctrine of ripeness would permit a trial court's exercise of jurisdiction over a prematurely filed matter which becomes ripe after filing. *See Perry v. Del Rio,* 66 S.W.3d 239, 248-52 (Tex. 2001) (holding "a claim's lack of ripeness when filed is not a jurisdictional infirmity requiring dismissal if the case has matured."). Here, the estate matter had ripened into a full-blown contest before Richard sought mandamus relief; the district court was the proper locale for those disputes to be heard.

After transfer to the district court, Richard participated in numerous contested estate matters. On March 31, 2020, Richard received items of estate personal property through a bill of sale stating a consideration of $121,100.75 to be deducted from Richard's "1/8 share of the assets distributable to him" from his father's estate "administered" by the district court. Yet, Richard contends Judge Schroeder's transfer order is void and all subsequent orders of the district court are likewise void. We disagree.

The consequences of Richard's proposed rule would be devastating to the parties and court when seeking to "undo" actions previously taken in reliance upon the district court's jurisdiction. For example, based on orders of the district court, third parties have been approved to purchase estate real property for a total cash consideration of more than $2 million. The fact that eight appeals and an original proceeding have arisen from

7

the parties' disputes in the district court not only exhibits the parties' entrenched disagreement over partition and distribution of the estate, but assuredly means Richard and Wolz have expended substantial sums for legal fees. If, as Richard contends, every action by the district court is void, years of expensive litigation would be wasted, even though those same contested matters could be handled in the district court now. The Supreme Court sought to avoid this waste of resources when it enunciated the ripeness rule in *Perry*:

> The mischief of a contrary rule is readily apparent: a party could delay raising the issue, even until appeal, and still insist upon dismissal for want of jurisdiction at the time the case was filed, even though the issues had long since matured and been fully litigated.

66 S.W.3d at 251. We reject the invitation to hold that Estates Code § 32.003(a) permits such a result.

We conclude Judge Schroeder did not clearly abuse his discretion by rendering the transfer order. Richard's allied issue, that we declare the resulting orders of the district court void, is denied.

**Request Assignment of a Statutory Probate Court Judge**

Richard further complains that Judge Schroeder abused his discretion by failing to request assignment of the entire probate proceeding to a statutory probate court judge. *See* TEX. ESTATES CODE ANN. § 32.003(a)(1) (request assignment for contested matter), (b-1) (request assignment of entire proceeding); TEX. GOV'T CODE ANN. § 25.0022 (West Supp. 2020) ("administration of statutory probate courts"). On December 18, 2020, Richard filed a motion in county court seeking that relief. The record contains no indication that the motion was ruled on or even called to the attention of Judge Schroeder.

8

If Richard intends we order Judge Schroeder to request assignment of the entire probate proceeding to a statutory probate court judge, we decline. Our mandamus authority does not include directing a court how it must rule on a matter presently before it. *In re Thrasher,* No. 07-09-00418-CV, 2019 Tex. App. LEXIS 11225, at *1 (Tex. App.—Amarillo Dec. 30, 2019, orig. proceeding) (per curiam) (mem. op.).

If, on the other hand, Richard is requesting this Court to direct Judge Schroeder to rule on the motion, then Richard must establish that (1) the trial court had a legal duty to perform a non-discretionary act, (2) performance was demanded, and (3) the court refused to act. *See In re Fuller,* No. 10-10-00299-CV, 2010 Tex. App. LEXIS 7004, at *1 (Tex. App.—Waco Aug. 25, 2010, orig. proceeding) (citing *O'Connor v. First Court of Appeals,* 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding); *In re Thirty-Four Gambling Devices,* 304 S.W.3d 503, 505 (Tex. App.—Amarillo 2009, orig. proceeding)). Because the mandamus record does not establish that Richard demanded Judge Schroeder rule on his motion to request assignment of a statutory probate judge, followed by refusal to rule, an abuse of discretion is likewise not shown.

## Conclusion

Having found Judge Schroeder did not clearly abuse his discretion, we deny the petition for writ of mandamus.

Lawrence M. Doss
Justice