**Patricia L. JACKSON, Appellant,**

**v.**

**SMITH SECURITY SERVICE, INC., and T.J.X. Companies, Inc., d/b/a T.J. Maxx, Appellees.**

No. 01–89–00395–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 22, 1990.

Robert G. Miller, O'Donnell & Ferebee, Houston, for appellant.

Robert C. Scruggs and Jeffrey Lee Hoffman, Whittington, Pfeiffer & Vacek, Houston, for appellees.

Before EVANS, C.J., and COHEN and HUGHES, JJ.

## ORDER

EVANS, Chief Justice.

### ORDER ON MOTION FOR REHEARING

This Court's former order of December 21, 1989, is withdrawn, and the following order is substituted.

This is an appeal from a take-nothing summary judgment.

The plaintiff, Patricia L. Jackson, sued defendants, T.J.X. Companies, Inc. (T.J. Maxx) and Smith Security Services, Inc. (Smith Security), alleging that they had falsely accused her of shoplifting, placed her under physical restraint, and threatened to handcuff her to force her to remain at the T.J. Maxx store. Jackson alleged that her purse was forcibly taken from her, and that she was questioned for at least

two hours despite her continuing protestations of innocence and her demands to be released. Thereafter, she alleged that the sheriff's department, based solely on the defendant's accusations, placed her under arrest, shackled her in handcuffs, and led her through the store in full view of the general public. She also alleged that she was then fingerprinted and placed in a cell, and that she was not released from custody for seven more hours. Because of these alleged wrongs, Jackson sought damages for assault and battery, false imprisonment, slander, invasion of privacy, and violation of her civil rights under 42 U.S.C. sec. 1983 (1989). She also sought exemplary damages on the grounds that the defendants had engaged in a malicious and unjustified civil conspiracy and had intentionally and negligently caused her emotional distress.

The record indicates that the court entered an interlocutory summary judgment in favor of defendant, Smith Security, based upon its conclusive showing that it was a stranger to the transaction and had no relationship with the other defendant, T.J. Maxx. Evidently, Jackson does not complain of that ruling, and this appeal relates solely to the take-nothing summary judgment entered in favor of T.J. Maxx.

In its motion for summary judgment, T.J. Maxx asserted that it had a legal right to engage in the conduct of which it was charged, and that Jackson's criminal conviction for shoplifting should be given preclusive effect with respect to each theory of recovery asserted by Jackson in her petition. In support of its motion, T.J. Maxx attached copies of the criminal complaint charging Jackson with the misdemeanor offense of price-tag switching, an affidavit of one of its employees identifying Jackson as the same person named in the complaint, and a copy of the judgment entered by the County Criminal Court at Law No. 7 of Harris County, showing that a jury found Jackson guilty of the offense charged in the information.

On oral submission, both parties agree that Jackson's appeal from the criminal conviction is pending Petition for Discretionary Review before the Court of Criminal Appeals, and that only one issue has been presented to that court for its determination. Here, Jackson's sole contention is that because of her pending criminal appeal, her conviction cannot yet be given preclusive effect. Jackson asks this Court to either stay the trial court's judgment or abate the appeal in this case until the Court of Criminal Appeals has decided her criminal appeal and issues a mandate.

The Texas Supreme Court has held that "a judgment is final for the purposes of issue and claim preclusion despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo." *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6–7 (Tex.1986); *see also CLS Assoc., Ltd. v. A—B—*, 762 S.W.2d 221, 223 (Tex. App.—Dallas 1988, no writ); *McCormick v. Texas Commerce Bank Nat'l Ass'n*, 751 S.W.2d 887, 889–90 (Tex.App.—Houston [14th Dist.] 1988, writ denied); *Federal Sav. & Loan Ins. Corp. v. Kennedy*, 732 S.W.2d 1, 3 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). This holding, which adopts the established rule in the federal courts, is based on the Restatement (Second) of Judgments section 16 (1982).

In *Scurlock*, the Texas Supreme Court recognized the "manifest risk" in resting preclusion on a judgment's being appealed. *Scurlock*, 724 S.W.2d at 6. The court further noted that the second judgment should not be allowed to stand if the first judgment is later reversed. *Id.*

Several alternatives have been suggested to avoid the unjust consequences of giving preclusive effect to a judgment that is later reversed on appeal. One suggested option is to stay the proceedings in the second action until the determination of the appeal in the first action. Another alternative is to hold open the appeal in the second action until the determination of the appeal in the first action. A third possibility is to proceed to a final determination in the second action, on the premise that any inequity could be remedied by an equitable bill of review in the event the first judgment is later set aside. *See* 18 C. Wright, A. Miller

& E. Cooper, *Federal Practice & Procedure* sec. 4433 (1981).

Here, Jackson urges the adoption of one of the first two alternatives suggested, and she asks this Court either to stay the proceedings in the trial court or to hold this appeal in abeyance pending determination of her criminal appeal by the decision of the Court of Criminal Appeals. T.J. Maxx argues the adoption of the third alternative, contending that it will suffer undue hardship, delay, and inconvenience if the dispute is not expeditiously determined.

Recognizing the disadvantages inherent in each of the methods suggested, we adopt the second alternative, urged by appellant, and hold the appeal in abeyance pending a determination by the Court of Criminal Appeals of Appellant's Petition for Discretionary Review. This method, we believe, will best meet the interests of the courts and the litigants, and will avoid the more drastic consequences that could follow our adoption of some other course of action.

We accordingly order the appeal stayed pending the issuance of a mandate by the Court of Criminal Appeals in appellant's criminal case. If appellant's criminal conviction is upheld by the decision of the Court of Criminal Appeals, the trial court's take-nothing summary judgment in this case will be affirmed; otherwise, the trial court's summary judgment will be reversed and the cause remanded.

It is so ORDERED.