UNITED STATES of America ex rel. Rebecca GONZALEZ, Plaintiff,

v.

FRESENIUS MEDICAL CARE NORTH AMERICA and Alfonso Chavez, M.D., Defendants.

Rebecca Gonzalez, Plaintiff,

v.

Fresenius Medical Care North America and Larry Ramirez, Defendants.

No. EP–07–CV–247–PRM.

United States District Court, W.D. Texas, El Paso Division.

Aug. 14, 2008.

Mark Dawson Jarmie, Jarmie & Associates, Albuquerque, NM, Mark D. Standridge, Jarmie & Associates, Las Cruces, NM, Thomas E. Stanton, Law Offices of Thomas Stanton, El Paso, TX, for Plaintiff.

A. Kevin Troutman, Stephen J. Roppolo, Fisher & Phillips LLP, Houston, TX, Edward L. Dowd, Jr., James F. Bennett, Megan S. Heinsz, St. Louis, MO, James O. Darnell, Jim Darnell, P.C., El Paso, TX, for Defendants.

### ORDER DENYING DEFENDANT ALFONSO CHAVEZ'S MOTION FOR STAY

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered Defendant Alfonso Chavez's ("Chavez") "Motion for Stay with Brief in Support," filed on February 29, 2008; Relator/Plaintiff Rebecca Gonzalez's ("Gonzalez") "Response to Defendant Alfonso Chavez' [sic] Motion for Stay," filed on March 11, 2008; Defendants Fresenius Medical Care North America and Larry Ramirez's (collectively, "Fresenius") "Response to Defendant Alfonso Chavez's Motion for Stay," filed on March 18, 2008;[1] Gonzalez's "Reply to

---

1. On March 14, 2008, the Court granted Fresenius leave to file any response to Chavez's Motion on or before March 18, 2008. Docket No. 40. In its Response, Fresenius states that it opposes Chavez's request for a stay. Fresenius Resp. 1–2. Alternatively, it argues that if the Court grants Chavez's Motion for Stay, the case should be stayed in its entirety be-

Defendant Fresenius' Request for Stay Pending Resolution of the 12(b)(6) Motions and Fresenius' Advisory to the Court on Alfonso Chavez' [sic] Motion for Stay,"[2] filed on March 25, 2008, and Fresenius's "Opposition to Relator's Motion to Strike Affidavit," filed on April 3, 2008, in the above-captioned cause.[3] After due consideration, the Court is of the opinion that Chavez's Motion should be denied for the reasons set forth below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is a consolidated action consisting of a *qui tam* action and a retaliatory discharge action in each of which Gonzalez alleges violations of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq.* Docket No. 18.

Fresenius operates facilities that provide dialysis services for patients with End Stage Renal Disease ("ESRD").[4] Fresenius Resp. 7. Two of its facilities are located in El Paso, Texas. Second Am. Compl. ¶ 7. Gonzalez is a Texas resident who worked at one of Fresenius's El Paso facil-

ities until she was constructively discharged in 2007. Retaliation Compl. ¶¶ 1, 59. Chavez is the Medical Director of both El Paso facilities. Second Am. Compl. ¶ 7. Ramirez is a Clinic Manager at one of the facilities and directly supervised Gonzalez. Retaliation Compl. ¶ 12.

In 2006, Gonzalez filed suit, on behalf of the United States, against Chavez and Fresenius for violating the FCA (hereinafter, the "*qui tam* action"). At the time she filed the *qui tam* action, her job duties included organizing medical records and preparing claims for submission to Medicare. Second Am. Compl. ¶¶ 13–14. She alleges that Chavez and Fresenius, individually and in concert, fraudulently billed Medicare and obtained reimbursement for dialysis services unlawfully rendered by two unlicensed persons. *Id.* at ¶ 1. She also alleges that upon the government's detection of the fraudulent billing scheme, Fresenius instructed its employees, including Gonzalez, to conceal and alter falsified medical records. *Id.* at ¶¶ 219–220. In addition to filing the *qui tam* action, Gonzalez provided information about her alle-

---

cause "Chavez's full participation in this case is an essential part of Fresenius' ability to defend itself." *Id.* Regardless of the Court's resolution of the instant Motion, Fresenius also seeks to stay discovery against it pending the ruling on its Motion to Dismiss, filed on March 13, 2008. *Id.* The Court's decision to deny Chavez's request for a stay disposes of Fresenius's first request. In addition, the Court declines to stay discovery pending a ruling on Fresenius's Motion to Dismiss.

**2.** Gonzalez asks the Court to strike the affidavit of Attorney Ron Castle submitted in support of Fresenius's Response to Chavez's Motion for Stay on the grounds that it is hearsay, impermissible lay opinion testimony, and irrelevant. Gonzalez Reply ¶ 4.

The Federal Rules of Civil Procedure provide no basis upon which to strike an affidavit. *See In re Commercial Money Ctr., Inc.,* No. 1:02CV16000, 2007 WL 1514282, *3,

2007 U.S. Dist. LEXIS 37260, *16 (N.D.Ohio May 22, 2007) ("While some courts have employed [Federal Rule of Civil Procedure] 12(f) to strike an affidavit or portion thereof, there is no basis in the Federal Rules for doing so."); *Jeter v. Montgomery County,* 480 F.Supp.2d 1293, 1296 (M.D.Ala.2007) (declining to strike exhibits attached to a motion to dismiss because the Federal Rules of Civil Procedure "make clear that '[o]nly material included in a pleading may be subject to a motion to strike' and that 'affidavits may not be attacked by the motion to strike.'") (citation omitted). Accordingly, the Court declines to strike the challenged affidavit.

**3.** Chavez had until March 24, 2008, to file a reply. To date, no reply has been filed.

**4.** ESRD patients require dialysis several times a week and regular blood testing. Second Am. Compl. ¶ 9. All of their medical expenses are eligible for Medicare coverage. *Id.*

gations to the FBI while continuing to work for Fresenius.

In 2007, Gonzalez filed suit against Fresenius alleging retaliation for her initiation of the *qui tam* action in violation of the FCA (hereinafter, the "retaliation action").[5] Retaliation Compl. ¶ 1.

Based on the allegations set forth in the *qui tam* action, the FBI began investigating whether Chavez violated any criminal laws. On January 13, 2007, the FBI "raided [Fresenius's El Paso] clinics ... and executed two search warrants, seizing materials from both facilities in order to investigate the allegations of Medicare fraud." Mot. ¶ 4. On November 13, 2007, the Grand Jury for the United States District Court for the Western District of Texas issued a subpoena to Chavez seeking business, medical, patient, and billing records. *Id.* at Ex. A. The criminal investigation against Chavez remains pending though no criminal charges have been filed and no indictment has been issued. *Id.* The United States Attorney for the Western District of Texas and the FBI have advised Chavez that he is a "target" of a criminal investigation. *Id.* at Ex. B.

Chavez filed the instant Motion seeking to stay the civil action against him pending the resolution of "all criminal investigations and proceedings against him." *Id.* at ¶ 6. He contends "a stay is warranted because the pending criminal investigation would require [him] to invoke his Fifth Amendment privilege in this civil suit, thereby hindering his defense of this civil suit and denying him due process." *Id.*

## II. LEGAL STANDARD

■ When a defendant in a civil case is facing criminal charges, a district court may, in its discretion, stay the civil action. *United States v. Kordel,* 397 U.S. 1, 12, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970); *see also In re Ramu Corp.,* 903 F.2d 312, 318 (5th Cir.1990) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery.").

■ "In a civil case, there is a strong presumption in favor of discovery, and the [movant] must overcome the presumption in its request for a stay." *United States v. Gieger Transfer Serv.,* 174 F.R.D. 382, 385 (S.D.Miss.1997). It "is the rule, rather than the exception" that civil and criminal cases proceed together. *IBM v. Brown,* 857 F.Supp. 1384, 1387 (C.D.Cal.1994). "[A] stay [of] a civil proceeding during the pendency of a parallel criminal proceeding ... contemplates 'special circumstances' and the need to avoid 'substantial and irreparable prejudice.'" *United States v. Little Al,* 712 F.2d 133, 136 (5th Cir.1983) (citation omitted). "[P]rompt investigation and enforcement both civilly and criminally [are] sometimes necessary in order to protect the public interest and ... deferring or foregoing either civil or criminal prosecutions could jeopardize that interest." *SEC v. First Fin. Group of Tex., Inc.,* 659 F.2d 660, 667 (5th Cir.1981).

■ The propriety of a stay depends in part on the defendant's Fifth Amendment privilege against self-incrimination. *See SEC v. Dresser Indus., Inc.,* 628 F.2d 1368, 1376 (D.C.Cir.1980) (explaining how the privilege against self-incrimination is implicated in parallel civil and criminal proceedings), *cert. denied,* 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980). "Though by its terms applicable only in criminal proceedings, the Fifth Amendment privilege against self-incrimination

---

5. "The 'whistleblower' provision of the [FCA] prevents the harassment, retaliation, or threatening of employees who assist in or bring *qui tam* actions." *Robertson v. Bell Helicopter Textron, Inc.,* 32 F.3d 948, 951 (5th Cir.1994).

has long been held to extend to compelling answers by parties or witnesses in civil litigation ... 'wherever the answer might tend to subject to criminal responsibility him who gives it.' " *Nat'l Acceptance Co. of Am. v. Bathalter*, 705 F.2d 924, 926 (7th Cir.1983) (*quoting McCarthy v. Arndstein*, 266 U.S. 34, 40, 45 S.Ct. 16, 69 L.Ed. 158 (1924)). However, a mere relationship between civil and criminal proceedings and the prospect that discovery in the civil case could prejudice the criminal proceeding does not necessarily warrant a stay. *In re Ramu Corp.*, 903 F.2d at 320; *see also Bathalter*, 705 F.2d at 927 ("It is only when there is but a fanciful possibility of prosecution that a claim of Fifth Amendment privilege is not well taken.") (quotation omitted).

■ The following factors are relevant in determining whether a stay is warranted: "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest." *SEC v. AmeriFirst Funding, Inc.*, No. 307–CV–1188–D, 2008 WL 866065, at *2, 2008 U.S. Dist. LEXIS 21229, at *6–7 (N.D.Tex. March 17, 2008) (*quoting Heller Healthcare Fin., Inc. v. Boyes*, No. 00–CV–1335–D, 2002 WL 1558337, *1, 2002 U.S. Dist. LEXIS 12743, *2 (N.D.Tex. July 15, 2002)).

## III. ANALYSIS

### A. The extent to which the issues in the criminal case overlap with those presented in the civil case

Chavez asserts that the instant civil action and the pending criminal investigation both involve the same subject matter; that is, whether he defrauded Medicare. Mot. ¶ 9. Gonzalez agrees that the issues involved in both actions "will overlap, to varying degrees." Gonzalez Resp. 5–6.

Overlapping issues in parallel civil and criminal proceedings support a stay. *AmeriFirst Funding, Inc.*, 2008 WL 866065, at *2–3, 2008 U.S. Dist. LEXIS 21229, at *8. Whether the issues in civil and criminal actions are related "demands a common-sense, fact-bound analysis." *In re Ramu Corp.*, 903 F.2d 312 at 319. Where "no indictment has as yet been handed up against [the defendant], the court cannot determine with certainty the degree of overlap between [the civil] action and the criminal investigation." *AmeriFirst Funding, Inc.*, 2008 WL 866065, at *3, 2008 U.S. Dist. LEXIS 21229, at *8; *see also United States ex rel. Shank v. Lewis Enters.*, No. 04–CV–4105–JPG, 2006 WL 1064072, at *4, 2006 U.S. Dist. LEXIS 22065, at *10 (S.D. Ill. April 21, 2006) (finding the degree of overlap "a matter of speculation" where the defendant had not been indicted).

■ Here, Chavez has not been indicted and thus, the Court cannot determine with specificity the degree of overlap between the instant civil action and the pending criminal investigation. However, the Court finds it "quite reasonable to assume that fraudulent conduct detailed in the [civil] complaint will serve as the basis for criminal prosecution," *Shank*, 2006 WL 1064072, at *4, 2006 U.S. Dist. LEXIS 22065, at *10, and concludes that this overlap weighs in favor of a stay.

### B. The status of the criminal case, including whether the defendant has been indicted

■ "A stay of a civil case is most appropriate where a party to the civil case

has already been indicted for the same conduct." *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc., et al.,* 886 F.Supp. 1134, 1139 (S.D.N.Y.1995). " '[A] defendant's privilege against self-incrimination is a factor favoring a stay only after that defendant has been indicted.' " *Shank,* 2006 WL 1064072, at *3, 2006 U.S. Dist. LEXIS 22065, at *9 (citation omitted). "[T]he weight of authority suggests that a stay is generally not appropriate before indictment." *Id.; see also Dresser Indus., Inc.,* 628 F.2d at 1375–76 ("[T]he strongest case for deferring civil proceeding until after completion of a criminal proceeding is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter.").

Chavez has not been indicted, though he is the subject of a criminal investigation. Accordingly, that Court finds that this factor weighs against a stay. *See Shank,* 2006 WL 1064072, at *4, 2006 U.S. Dist. LEXIS 22065, at *11 ("[T]hat the [defendants] have not been indicted strongly supports [the plaintiff]'s position [against a stay].").

### C. The private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay

Chavez asserts that " '[m]ere inconvenience and delay do not constitute undue burden and substantial prejudice warranting a denial of a stay.' " Mot. ¶ 15 (*quoting In re Enron Corp. Sec., Derivative & Erisa Litig.,* No. CIV AH–01–3624, 2003 WL 25508889, at *2 (S.D.Tex. March 25, 2003)).

Gonzalez argues that Chavez's request for "an indefinite stay" goes against her interest in the speedy resolution of her case, and that delaying discovery would

cause prejudice because many of the potential witnesses, former and current dialysis patients, "are typically elderly, infirm, and carry multiple morbidity diseases. The longer that this litigation is stalled, the more likely it is that the patients' memories will fade." Gonzalez Resp. 8.

"[T]he compensation and remedy due a civil plaintiff should not be delayed." *Gordon v. FDIC.,* 427 F.2d 578, 580 (D.C.Cir. 1970) (affirming denial of a stay of civil litigation given pending criminal prosecution). "Plaintiffs have a legitimate interest in the expeditious resolution of their case." *Trs. of Plumbers & Pipefitters Nat'l Pension Fund,* 886 F.Supp. at 1140.

Chavez requests a stay until "such time as the concurrent criminal investigation and proceedings are concluded," Mot. 10, which time is currently indeterminate. Even if the Grand Jury indicted Chavez tomorrow, it could take several months to resolve the criminal case. *Cf. In re Enron,* 2003 WL 25508889, at *9 (granting stay where the defendant had been indicted and would likely be tried within the year). When considering the amount of time required for the prosecution of Chavez (should he be indicted), and then the time required for the prosecution of Gonzalez's civil case, concerns regarding witnesses' fading memories and poor health are certainly not insignificant. A stay could also prevent Gonzalez from obtaining the discovery necessary to prove her case against Chavez because of the infirmity of potential witnesses and the inability to seek discovery from Chavez, who necessarily is a critical witness. *Cf. AmeriFirst Funding, Inc.,* 2008 WL 866065, at *3–4, 2008 U.S. Dist. LEXIS 21229, at *11 (finding stay appropriate where discovery of the defendant was unnecessary because the allegations against him were deemed admitted on account of a prior default judgment). Insofar as staying the instant

action could significantly delay and prejudice Gonzalez's ability to obtain relief, the Court concludes that this factor weighs against granting the instant Motion.

### D. The private interests of and burden on the defendant

Chavez argues that "allowing this civil suit to proceed against [him] will create a significant risk of endangering and prejudicing his Fifth Amendment privilege rights." Mot. ¶ 12. Specifically, he asserts that if he

> defends himself in this civil suit, he will run the severe risk of waiving his Fifth Amendment privilege against self-incrimination.... On the other hand, if [he] asserts the Fifth Amendment privilege in this civil suit, his silence could be used by the opposing party for the purpose of drawing an adverse inference against him and thus prevent him from having the due process right to adequately defend himself from civil liability.

*Id.*

Gonzalez contends that because Chavez has not yet been indicted, his Fifth Amendment concerns are premature, and so a stay is not appropriate. Gonzalez Resp. 3.

When faced with related simultaneous civil and criminal proceedings, a defendant is burdened by "being compelled to choose between invoking his Fifth Amendment rights or jeopardize his defense in the civil suit, where an adverse inference may be drawn from [his] silence." *AmeriFirst Funding, Inc.,* 2008 WL 866065, at *4, 2008 U.S. Dist. LEXIS 21229, at *11. Yet, "it is not unconstitutional to force [civil defendants] to choose between the negative inferences drawn from their silence in [a civil case] and their Fifth Amendment privilege." *Shank,* 2006 WL 1064072, at *4, 2006 U.S. Dist. LEXIS 22065, at *13

(citing *Baxter v. Palmigiano,* 425 U.S. 308, 318, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976)); *see also Mid–America's Process Serv. v. Ellison,* 767 F.2d 684, 686 (10th Cir.1985) (holding that a civil defendant who asserts the Fifth Amendment privilege "may have to accept certain bad consequences that flow from that action.").

■ A party asserting prejudice to his Fifth Amendment right must demonstrate "more than the mere possibility of prejudice." *In re Ramu Corp.,* 903 F.2d at 320. "[A]llegations of prejudice to criminal cases from civil discovery are 'conclusory and insufficient to warrant a stay....'" *Id.* (quoting *United States v. Banco Cafetero Intern.,* 107 F.R.D. 361, 366 (S.D.N.Y.1985)). "The [movant] should at least be required to make a specific showing of the harm it will suffer without a stay and why other methods of protecting its interests are insufficient." *Id.*

As discussed *supra,* the pre-indictment nature of the pending criminal investigation weakens Chavez's Fifth Amendment interest. *See Shank,* 2006 WL 1064072, at *4, 2006 U.S. Dist. LEXIS 22065, at *12 (describing a defendant's pre-indictment Fifth Amendment interest as "relatively weak"). While it is *possible* that Chavez will be confronted with a situation where he will have to choose whether to assert his Fifth Amendment right, there are other means to protect his interest. For example, the Court could enter a protective order prohibiting the use of Chavez's deposition answers, interrogatory responses, and answers to requests for admissions in any criminal proceedings brought against him. *See United States v. Parcels of Land,* 903 F.2d 36, 44–45 (1st Cir.1990) (holding that a protective order prohibiting the use of discovery responses in any criminal proceedings against a defendant "was a reasonable effort to address [his] Fifth

Amendment concerns"); *see also In re CFS–Related Secs. Fraud Litig.*, 256 F.Supp.2d 1227, 1240 (N.D.Okla.2003) ("Less drastic methods in lieu of a stay include sealing answers to interrogatories, sealing answers to depositions, imposing protective orders, imposing a stay for a finite period of time, limiting a stay to a particular subject, or limiting disclosure only to counsel."). Given that Chavez has not been indicted and that alternative means to protect his Fifth Amendment rights are available, should the need arise, the Court concludes that this factor only slightly favors granting the requested stay.

### E. The interests of the court

In determining the propriety of a stay, a court can consider its own interests in efficient administration and judicial economy. *Trs. of Plumbers & Pipefitters Nat'l Pension Fund*, 886 F.Supp. at 1135. "[T]he Court has an interest in moving its cases 'to an expeditious conclusion.'" *Shank*, 2006 WL 1064072, at *5, 2006 U.S. Dist. LEXIS 22065, at *14 (quotation omitted). "A policy of freely granting stays solely because a litigant is defending simultaneous multiple suits interferes with judicial administration." *In re CFS–Related Secs. Fraud Litig.*, 256 F.Supp.2d at 1242. "[P]rudent docket management weighs against" staying a civil action that has been pending for a lengthy period of time. *United States ex rel. Westrick v. Second Chance, et al.*, No. 04–280(RWR), 2007 WL 1020808, at *3, 2007 U.S. Dist. LEXIS 23917, at *11 (D.D.C. March 31, 2007). Where "no indictment has been returned and the civil case has been pending for more than a year, staying [a] civil action until the completion of any criminal proceeding would lead to unwarranted delay of this action." *Id.* at *3, 2007 U.S. Dist. LEXIS 23917, at *15.

The instant action case has been pending on the Court's docket for more than a year and a half. Given the uncertainty as to whether Chavez will be indicted, there is a *possibility* that this action could be stayed for no reason. *See Shank*, 2006 WL 1064072, at *5, 2006 U.S. Dist. LEXIS 22065, at *14 (declining to stay a FCA civil prosecution where the defendant yet to be indicted); *see also Citibank N.A. v. Hakim*, No. 92 Civ. 6233, 1993 WL 481335, *2, 1993 U.S. Dist. LEXIS 16299, *6 (S.D.N.Y. Nov. 18, 1993) ("The convenience to the court weighs against a stay because it is unrealistic to postpone indefinitely the pending action until criminal charges are brought."). Thus, the Court finds that its interests are best served by proceeding with the instant action and this factor weighs against a stay.

### F. The public interest

Gonzalez asserts that the public has an interest in promptly resolving the instant action, especially those "dialysis patients living in El Paso that were treated by the Defendants at Fresenius' clinics." Gonzalez Resp. 8.

" 'The public has an interest in both the prompt resolution of civil cases as well as the prosecution of criminal cases.' " *In re CFS–Related Secs. Fraud Litig.*, 256 F.Supp.2d at 1242 (quoting *Digital Equip., Corp. v. Currie Enter.*, 142 F.R.D. 8, 14 (D.Mass.1991)). "The public interest in proceeding in an important civil enforcement matter that has already been filed seems to outweigh speculation about if and when an indictment will be returned." *Westrick*, 2007 WL 1020808, at *3, 2007 U.S. Dist. LEXIS 23917, at *10–11 (declining to stay a FCA civil action). Accordingly, the Court finds that the public's interest in a prompt resolution of the instant action counsels against a stay.

### IV. CONCLUSION

Given that the Government has not charged Chavez in any indictment and

Gonzalez could be unfairly prejudiced by further delay, the Court finds that the equities weigh against staying the case against Chavez. Of course, if circumstances change, the parties are free to request that the Court reconsider the propriety of a stay. *See Westrick,* 2007 WL 1020808, at *1, 2007 U.S. Dist. LEXIS 23917, at *4 ("Because a criminal indictment has not been proven to be imminent and pre-indictment stays are not favored, defendants' motion for a stay will be denied without prejudice to re-file if a criminal indictment is returned.").

Accordingly, **IT IS ORDERED** that Defendant Alfonso Chavez's ("Chavez") "Motion for Stay with Brief in Support" (Docket No. 27) is **DENIED WITHOUT PREJUDICE** to refiling at a later date.