ACCEPTED
12-15-00216-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/3/2015 2:56:56 PM
Pam Estes
CLERK

NO. _____

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
9/3/2015 2:56:56 PM
PAM ESTES
Clerk

IN THE
COURT OF APPEALS
FOR THE
TWELFTH DISTRICT OF TEXAS

IN RE THOMAS LYTLE AND ELLEN LYTLE,
Relators,

v.

THE HONORABLE TERESA DRUM, JUDGE
PRESIDING 294TH JUDICIAL DISTRICT
COURT OF VAN ZANDT COUNTY, TEXAS,
Respondent,

Real Parties in Interest:

David C. Petruska
Sandra L. Petruska
Helmuth K. Gutzke and
Zackiann Gutzke,
Defendants.

PETITION FOR WRIT OF MANDAMUS

Barbara L. Emerson, Esq.
Texas State Bar No. 06599400
BELLINGER & SUBERG, LLP            ORAL ARGUMENT REQUESTED
10,000 N. Central Expy., Suite 900
Dallas, TX  75231
214.954.9540 – Telephone
214.954.9541 – Facsimile
bemerson@bd-law.com

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties to the trial court proceedings as well as the name and addresses of their counsel:

**Relators:**
Thomas Lytle and Ellen Lytle

<u>Counsel to Relators</u>:
Barbara L. Emerson
Texas State Bar No. 06599400
Bellinger & Suberg, LLP
10,000 N. Central Expressway, Suite 900
Dallas, TX  75231
214.954.9540 – Telephone
214.954.9541 – Facsimile
bemerson@bd-law.com

**Respondent:**
The Honorable Teresa Drum, Judge Presiding
294th Judicial District Court of
Van Zandt County, Texas
County Courthouse
121 East Dallas Street, Suite 301
Canton TX, 75103
903.567.7555 – Telephone
903.567.5652 – Facsimile

**Real Parties In Interest:**

David C. Petruska and
Sandra L. Petruska

<u>Counsel to Petruska Parties</u>:
Michael F. Pezzulli
Holmes Firm PC
14911 Quorum Drive, Suite 340
Dallas, Texas  75254
469.916.7700 – Telephone
469.916.7705– Facsimile
michael@courtroom.com

and

Helmuth K. Gutzke and
Zackiann Gutzke

Counsel to Gutzke Parties:
Ralph E. Allen
Attorney and Counselor at Law
100 East Ferguson, Suite 901
Tyler, Texas  75702
903.593.9727 – Telephone
903.531.2566 – Facsimile
rallen@tyler.net

# TABLE OF CONTENTS

Page

IDENTITY OF PARTIES AND COUNSEL ........................................................... ii

TABLE OF CONTENTS ..................................................................................... iv

INDEX OF AUTHORITIES ................................................................................. v

STATEMENT OF THE CASE ............................................................................ vii

STATEMENT OF JURISDICTION ..................................................................... ix

ISSUES PRESENTED .......................................................................................... x

STATEMENT OF FACTS ..................................................................................... 1

ARGUMENT ........................................................................................................ 4

    ISSUE: Respondent's Order of August 21, 2015 Staying All Proceedings
    Was an Abuse of Discretion as There Was No Factual or Legal Basis to
    Grant the Stay and the Stay Denied Relators Rights Pursuant to the "Open
    Courts" Provision of the Texas Constitution. .....................................................4

    A. A Writ Of Mandamus Is The Proper Legal Remedy When The Trial
       Court Has Abused its Discretion by Staying All Proceedings. .......................4

    B. Under Texas Law Respondent's Order Staying Of All Civil Proceedings
       Was An Abuse Of Discretion. ........................................................................5

    C. Reliance on Federal Standards Does Not Justify a Stay, as Federal
       Standards Do Not Provide A Legal Basis For The Stay. ............................. 10

PRAYER ............................................................................................................. 15

VERIFICATION .................................................................................................. 17

CERTIFICATE OF SERVICE ............................................................................ 18

APPENDIX .......................................................................................................... 20

# INDEX OF AUTHORITIES

Cases

*Alcala v. Texas Webb County,* 625 F.Supp. 2d 391 (S.D.Tex. 2009 .........................................................................6, 7, 10, 11, 12

*Gebhardt v. Gallardo,* 891 S.W.2d 327 (Tex. App.—San Antonio 1995)..............................................................................6, 9

*In re Charles D. Messervey Trust,* No. 04-00-00700-CV, 2001 WL 55642 (Tex. App.—San Antonio Jan. 24, 2001) (orig. proceeding)................9, 10

*In re Discovery Operating, Inc.,* 216 S.W.3d 898 (Tex. App.—Eastland 2007 (orig. proceeding) .............................................................. 4-5

*In re Gore,* 251 S.W.3d 696 (Tex. App.—San Antonio 2007) (orig. proceeding) ...............................................................4, 8, 9, 13

*In re Immobiliere Jeuness Establissement,* 422 S.W.3d 909 (Tex. App.—Houston [14th Dist.] 2014) (orig. proceeding) ...................................ix, 4, 5

*In re Reece,* 341 S.W.3d 360 (Tex. 2011) ...............................................4

*In re Thirty-Four Gambling Devices and Six Hundred and Thirty-Nine Dollars in United States Currency,* 304 S.W.3d 503 (Tex. App.—Amarillo 2009) (orig. proceeding) .........................................................5

*Jackson v. Smith Sec. Serv. Inc.,* 786 S.W.2d 787 (Tex. App.—Houston [1st Dist.] 1990, no writ) ...........................................................14, 15, 18

*Javier v. Garcia-Botello,* 218 F.R.D. 72 (W.D.N.Y. 2003) ...............................14, 15

*Librado v. MS Carriers, Inc.,* No. 3:02-CV-2095D, 2002 WL 31495988, (N.D. Tex. Nov. 5, 2002)..........................................................11, 14

*McInnis v. State,* 618 S.W.2d 389 (Tex. Civ. App.--Beaumont 1981, writ ref'd n.r.e.) ......................................................................9

*Meyers v. Turks,* 360 S.W.2d 518 (1962) .......................................................6

*SEC v. First Financial Group,* 659 F.2d 660 (5th Cir. 1981)................................5, 10

*SEC v. Kiselak Capital Group, LLC,* Civil Action No. 4:09-CV-256-A, 2011 WL 4398443 (N.D. Tex. Sept. 20, 2011).............................................5, 6, 11

*Trapnell v. Hunter,* 785 S.W.2d 426 (Tex. App.—Corpus Christi 1990) (orig. proceeding) .................................................................5

*Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mich., Inc.*, 886 F.Supp. 11334 (S.D.N.Y. 1995)....................................14, 15

*Underwood v. Bridewell,* 931 S.W.2d 645 (Tex. App.--Waco 1996) (orig. proceeding.) ..........................................................................9

*U.S. ex rel Gonzalez v. Fresenius Med. Care N.Am.,* 571 F.Supp.2d 758 (W.D.Tex. 2008)................................................................10

*U.S. v. Little Al,* 712 F.2d 133 (5th Cir. 1983)............................................................11

*Wehling v. Columbia Broadcasting System,* 611 F.2d 1026 (5th Cir.
   1980) ................................................................................................................14

United States Constitution

U.S. Const. amend. V......................................................................................6, 10

Texas Constitution

TEX. CONST. art. I, §13.............................................................................x, 5, 9, 12

Statutes

TEX. CIV. PRAC. & REM. CODE § 12.002........................................................ vii, 1, 7
TEX. GOV'T. CODE 22.221....................................................................................... ix
TEX. PEN. C. § 22.02. ..........................................................................................3
TEX. R. APP. P. 52 .................................................................................................. ix

**STATEMENT OF THE CASE**

The underlying suit is an action to quiet title to certain real property, a private driveway, owned by Relators and for damages pursuant to TEX. CIV. PRAC. & REM. CODE § 12.002 for a fraudulent claim filed against the same real property. Relators Thomas Lytle and Ellen Lytle are the Plaintiffs. Record 124. The Defendants are Real Parties in Interest David C. Petruska, Sandra L. Petruska, Helmuth K. Gutzke and Zackiann Gutzke.

The suit is pending as Cause No. 14-00172, in the 294th Judicial District Court of Van Zandt County, Texas. Respondent, the Honorable Teresa Drum is the presiding judge of the 294th Judicial District Court.

Relators' suit was filed July 9, 2014, and set for trial on December 1, 2015. On August 4, 2015, Real Party In Interest, David C. Petruska ("Petruska"), filed *Defendant David C. Petruska's Motion to Stay All Proceedings with Legal Authority in Support* seeking to stay the underlying suit due to an April 21, 2014 criminal indictment, filed in the 294th District Court of Van Zandt County, Texas. Record 132. The indictment charges Petruska with aggravated assault with a deadly weapon. The indictment arises from actions on or about February 15, 2014. The victim identified in the indictment is Relator Thomas Lytle. Record 145-146.

On August 21, 2015 the Respondent, the Hon. Teresa Drum, granted the motion to stay and signed an order staying all proceedings in the underlying suit. Record 153. As a result of this order all activity in the underlying case is stayed.

Relators are seeking a writ of mandamus directing the Respondent to vacate the August 21, 2015 Order and directing the Respondent to set the matter for trial.

**STATEMENT OF JURISDICTION**

This Court has original jurisdiction over this matter pursuant to TEX. GOV'T. CODE 22.221 and TEX. R. APP. P. 52. TEX. GOV'T. CODE 22.221 grants this Court jurisdiction to issue all writs of mandamus against a judge of a district court. The Order of August 21, 2015 was an abuse of discretion. Relators' right to seek relief by writ of mandamus arises because Respondent's Order granting a stay of all proceedings has no adequate remedy on appeal. *In re Immobiliere Jeuness Establissement,* 422 S.W.3d 909, 914 (Tex. App.—Houston [14th Dist.] 2014).

# ISSUES PRESENTED

RESPONDENT'S ORDER OF AUGUST 21, 2015 STAYING ALL PROCEEDINGS WAS AN ABUSE OF DISCRETION AS THERE WAS NO FACTUAL OR LEGAL BASIS TO GRANT THE STAY AND THE STAY DENIED RELATORS RIGHTS PURSUANT TO THE "OPEN COURTS" PROVISION OF THE TEXAS CONSTITUTION. TEX. CONST. art. I, § 13.

## STATEMENT OF FACTS

The underlying suit involves a disputed easement on property owned by the Relators. Relators Thomas Lytle and Ellen Lytle (the "Lytles") are Plaintiffs below and on July 9, 2014, filed their Original Petition to quiet title and for damages under TEX. CIV. PRAC. & REM. CODE § 12.002 for a fraudulent claim filed against real property owned by Relators. The real property at issue (the "Property") is a private roadway owned by the Lytles and described as follows:

> Roadway situated in Van Zandt County, State of Texas, on the M.V. Lout Survey, A-468 and being a part of the called 68.78 acre tract conveyed to Thomas M. Lytle and Ellen Lytle, by Ricky Lee Hadley, by General Warranty Deed recorded in Volume 1771, Page 609, of the Van Zandt County Real Records and a part of the called 1.10 acre tract conveyed to Thomas M. Lytle and Ellen Lytle, by Ricky Lee Hadley, by General Warranty Deed recorded in Volume 1771, Page 629, of the Van Zandt County Real Records.

Record 125. Relators' original petition was amended and the operative pleading before the trial court in the underlying suit is *Plaintiffs' First Amended Petition*. Record 124.

The private driveway runs from the Lytles home to County Road 2319. Real Parties In Interest Helmuth Gutzke and Zackiann Gutzke (the "Gutzkes") owned real property adjacent to the private driveway. On or about May 16, 2008 the Gutzkes sold their property to Real Parties In Interest David C. Petruska and Sandra L. Petruska (the "Petruskas"). As part of the transaction the Gutzkes

\\bdnt-fs1\wpprolaw\3191.002\274640.docx

executed a *General Warranty Deed with Vendor's Lien* filed as Document No. 2008-004602 in the real property records of Van Zandt County, Texas. Record 126. This deed purported to convey to Petruskas an easement on the Property. As part of the same transaction, Petruskas executed a *Deed of Trust* in favor of Compass Bank which stated it was granting a lien in an easement on the Property. The Deed of Trust was filed of record as Document No. 2008-004603 in the real property records of Van Zandt County, Texas. Record 126.

Lytles have alleged that the easement allegedly conveyed to Petruskas did not exist. They have also alleged that the parties to the transaction executed and filed the warranty deed and deed of trust with knowledge that no easement existed, knowingly creating a false and fraudulent interest in the property of the Lytles. Record 128. The operative facts for these claims are the actions, knowledge and intent of the Defendants when Gutzkes sold their property to the Petruskas in 2008.

Petruskas base their motion for a stay on one statement in the Lytles' petition. Included in the background facts of the petition is the following:

> Petruska has taken certain actions to assert his rights to the easement, including coming onto Plaintiffs' property and threatening Thomas Lytle with an assault rifle.

Record 127. This statement was also in the original petition filed July 9, 2014.

It is undisputed that this statement references an incident on or about February 15, 2014, the same incident which is the basis of the indictment filed in

Van Zandt County on or about April 21, 2014. The indictment charges David C. Petruska with aggravated assault with a deadly weapon under TEX. PEN. C. § 22.02. Record 145.

It was not until after the suit had been pending for more than a year, and was set for trial on December 1, 2015 (Record 130) that Petruska filed a motion seeking a stay of all proceedings, including pending third party depositions and the trial date. Record 132.

**ARGUMENT**

**ISSUE:** Respondent's Order of August 21, 2015 Staying All Proceedings Was an Abuse of Discretion as There Was No Factual or Legal Basis to Grant the Stay and the Stay Denied Relators Rights Pursuant to the "Open Courts" Provision of the Texas Constitution.

**A.** **A Writ Of Mandamus Is The Proper Legal Remedy When The Trial Court Has Abused its Discretion by Staying All Proceedings**.

This action is an original proceeding pursuant to TEX. R. APP. p. 52 seeking a writ of mandamus vacating the August 21, 2015 order of the Hon. Teresa Drum and ordering that Judge Drum proceed with the trial previously set for December 1, 2015.

Mandamus will issue when it is demonstrated that (i) the trial court abused its discretion and (ii) there is no adequate remedy by appeal. *In re Reece,* 341 S.W.3d 360, 364 (Tex. 2011); *In re Immobiliere Jeuness Establissement,* 422 S.W.3d 909, 914 (Tex. App.—Houston [14th Dist.] 2014) (orig. proceeding). The trial court abuses its discretion where there is no legal basis for abating or staying a case. *In re Gore,* 251 S.W.3d 696, 699 (Tex. App.—San Antonio 2007) (orig. proceeding). By the nature of a stay, the victim of the abatement or stay has no adequate remedy by appeal. As stated in *Immobiliere:*

> Abatement of an action not only precludes the trial court from going forward on a case, it prohibits the parties from proceeding in any manner until the case has been reinstated. ... An adequate remedy by appeal does not exist when the plaintiff is " 'effectively denied any other method of challenging the court's action for an indefinite period

of time during which the cause of action remains in a suspended state.' " *In re Discovery Operating, Inc.,* 216 S.W.3d 898, 905 (Tex. App.—Eastland 2007 (orig. proceeding) (quoting *Trapnell v. Hunter,* 785 S.W.2d 426, 429 (Tex. App.—Corpus Christi 1990) (orig. proceeding).

*In re Immobiliere Jeuness Establissement,* 422 S.W.3d at 914. Additionally, where the trial court's action denies a party of its fundamental opportunity to be heard, mandamus will issue requiring a district court to proceed to trial. *In re Thirty-Four Gambling Devices and Six Hundred and Thirty-Nine Dollars in United States Currency,* 304 S.W.3d 503, 505 (Tex. App.—Amarillo 2009) (orig. proceeding).

In this case Defendant Petruska failed to present any legal basis for staying the case. The result of the stay is a violation of the "open courts" provision in Article 1, Section 13 of the Texas Constitution. Mandamus is the proper legal remedy to correct the stay of all proceedings ordered by the trial court.

## B.   Under Texas Law Respondent's Order Staying Of All Civil Proceedings Was An Abuse Of Discretion.

Petruska is currently a defendant in two (2) actions. The underlying suit and a criminal prosecution pending in the same court. Record 145-146. This fact alone does not entitle Defendant to a stay of the civil proceeding. Both state and federal courts have repeatedly held "there is no general federal constitutional, statutory or common law rule barring the simultaneous prosecution of separate civil and criminal actions." *SEC v. Kiselak Capital Group, LLC,* Civil Action No. 4:09-CV-256-A, 2011 WL 4398443 *2 (N.D. Tex. Sept. 20, 2011); *see also,*

*SEC v. First Financial Group,* 659 F.2d 660, 666 (5th Cir. 1981). A party has no right "to choose the case, either criminal or civil, which he desires to first proceed to trial." *Gebhardt v. Gallardo,* 891 S.W.2d 327, 331 (Tex. App.—San Antonio 1995). It is "the rule rather than the exception" for criminal and civil proceedings to move forward contemporaneously. *Alcala v. Texas Webb County,* 625 F.Supp. 2d 391, 397 (S.D.Tex. 2009); *Gebhardt v. Gallardo,* 891 S.W.2d at 330.

The Texas Supreme Court has rejected a principle that a criminal defendant is automatically protected from civil discovery. In *Meyers v. Turks,* 360 S.W.2d 518 (1962), the Court rejected defendant's argument that as the subject of multiple indictments, his oral deposition should be quashed. The Texas Supreme Court held the defendant had a constitutional privilege not to answer questions, but it must be exercised in connection with precise questions. Contrary to this, Respondent's order granting the motion to stay is an extraordinary remedy which allows Petruska to make an improper blanket assertion of the Fifth Amendment protection against self incrimination. *SEC v. Kiselak Cap. Group,* 2011 WL 4398443 *2.

In order to establish he is entitled to this extraordinary remedy, a stay of all trial court proceedings, Petruska carried the burden of a strong showing that the civil and criminal proceedings so overlap that he cannot protect himself by selectively invoking his Fifth Amendment privilege or it is impossible for him to

mount an effective defense in both proceedings. *Alcala v. Texas Webb County,* 625 F.Supp.2d at 401. That overlap does not exist.

The underlying civil suit is fairly straight forward. In 2008 the Lytles and the Gutzke Defendants owned adjacent properties. A portion of that adjacent property was a private driveway that ran from the Lytles' home to the county road. When the Gutzkes sold their property to the Petruskas, they did so by a Warranty Deed with Vendor's Lien, with language stating they were also conveying to the Petruskas an easement on the Lytles' private driveway. At the same time the Petruskas executed a Deed of Trust for the benefit of Compass Bank. That Deed of Trust identifies an easement on the Lytles' private driveway as a property interest securing a loan from Compass Bank.

The Lytles' suit seeks a declaratory judgment that they are the sole owners of the private driveway and declaring that all claims to any easement in the property be declared null and void. Record 128. They have also claimed damages pursuant to TEX. CIV. PRAC. & REM. CODE 12.002(b) (Record 128) which prohibits a person from making a fraudulent claim or lien in real property, with the intent that the document or record be given legal effect and with the intent to cause physical injury, financial injury or mental anguish. Lytles' causes of action are based upon a transaction which occurred in 2008.

There is one sentence in Plaintiff's First Amended Petition which states that on February 15, 2014, six (6) years after the sale to Petruskas, there was an assault of Thomas Lytle by David Petruska. Defendant Petruska, by his own pleadings, has admitted there is not overlap and that his assault of Thomas Lytle "had no connection to the disputed easement."[1] The indictment, which is the basis of Petruska's motion to stay, charges an assault "on or about February 15, 2014" when Petruska threatened Thomas Lytle by pointing a firearm at him and threatening to kill him. Record 145-146. The assault is much more "one step removed" from the operative facts forming the basis of the Lytles' suit to quiet title and recover damages for fraud.

In seeking the stay, Petruska failed to provide legal authority which would support a stay on the facts of the underlying suit. In nearly every case cited by Defendant, the court declined to stay all the proceedings and frequently declined to stay the civil deposition of the criminal defendant.

The Texas Courts of Appeals have repeatedly held that parties to a civil suit "are entitled to full discovery within a reasonable time, to develop their claims and defenses, and to have the case tried." *In re Gore,* 251 S.W.3d 646, 699 (Tex. App.—San Antonio 2007) (orig. proceeding). As the *Gore* court noted, the mere existence of a pending criminal proceeding based on the same facts will not justify

---

[1] *Defendants David C. Petruska and Sandra L. Petruska's Response to Plaintiffs' Motion for Summary Judgment on Liability, subject to their Motion for Continuance.* Record 15, paragraph 17.

staying all civil discovery or the civil proceedings. By their nature such stays violate the "open courts" provision Texas Constitution. *Id.,*[2] TEX. CONST. art. I, §13.

Petruska's claim for relief and the validity of a stay is even more tenuous than those presented in *Gore* and *Gebhardt.* In *Gehbardt* the defendant alleged he was the subject of a grand jury investigation arising from the same conduct that was the basis for the civil suit. The Court of Appeals found the entry of an order staying the case an abuse of discretion. Similarly in *Gore*, the court found an abuse of discretion because the stay order, by abating all proceedings, was impermissibly overbroad.[3]

Even if Petruska could show himself entitled to some relief, the order entered in the underlying case was an abuse of discretion. Directly on point is the unreported opinion of *In re Charles D. Messervey Trust,* No. 04-00-00700-CV, 2001 WL 55642 (Tex. App.—San Antonio Jan. 24, 2001) (orig. proceeding). The stay entered was nearly identical to Judge Drum's August 21, 2015 Order. It stayed the case until the criminal case became final, or six (6) months, whichever

---

[2] *See also, Underwood v. Bridewell,* 931 S.W.2d 645, 647-48 (Tex. App.—Waco 1996) (orig. proceeding.) (It was an abuse of discretion to abate civil forfeiture action until criminal prosecution is completed.); *McInnis v. State,* 618 S.W.2d 389, 392-93 (Tex. Civ. App.—Beaumont 1981, writ ref'd n.r.e.) (upheld the trial court's refusal to continue civil disbarment case until final disposition of the related criminal action.), *cert. denied*, 456 U.S. 967 (1982); *In re Charles D. Messervey Trust,* No. 04-00-00700-CV, 2001 WL 55642 *4 (Tex. App.—San Antonio, Jan. 24, 2001) (orig. proceeding) (It was an abuse of discretion to completely abate the civil case for six months because of a related criminal case.)

[3] In *Gore,* a forfeiture action, the defendant wished to proceed and the state sought the stay.

was sooner. The Court held, as in *Gore*, such an order was overbroad because it stayed the entire case and was an abuse of discretion. If a remedy is necessary to protect the defendant, it is to fashion individual protective orders. *Messervey,* 2001 WL 55642 *4.

**C.** **Reliance on Federal Standards Does Not Justify a Stay, as Federal Standards Do Not Provide A Legal Basis For The Stay.**

Being unable to establish a legal basis under state standards, Defendant Petruska looks to and relies upon the standard use by the federal courts. However, even the federal standards fail to provide a basis for the stay. As noted above, the federal courts have held there is federal constitutional, statutory or common law rule barring the simultaneous prosecution of separate civil and criminal actions. *SEC v. First Financial Group,* 659 F.2d 660, 666 (5th Cir. 1981). In order to support a stay under federal standards there must be a "parallel criminal proceeding." But this alone is insufficient to support a stay as it is the "rule rather than the exception that civil and criminal cases proceed together." *Alcala v. Texas Webb County,* 625 F.Supp.2d at 397 (quoting *U.S. ex rel Gonzalez v. Fresenius Med. Care N.Am.,* 571 F.Supp.2d 758, 761 (W.D.Tex. 2008). A complete stay is considered an extraordinary remedy as it allows a defendant to make an improper blanket assertion of the Fifth Amendment. *Id.* A moving party must establish "special circumstances" and a showing that "substantial and irreparable prejudice"

will result if the stay is not granted. *U.S. v. Little Al,* 712 F.2d 133, 136 (5ᵗʰ Cir. 1983).[4]

To determine whether the "special circumstances" exist the federal courts use a six (6) factor test as follows:

    (1)    the extent to which the issues in the criminal case overlap with those presented in the civil case;

    (2)    the status of the criminal case, including whether the defendants have been indicted;

    (3)    the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay;

    (4)    the private interests of and burden on the defendants;

    (5)    the interests of the courts; and

    (6)    the public interest.

*Librado v. MS Carriers, Inc.,* No. 3:02-CV-2095D, 2002 WL 31495988 *1, (N.D. Tex. Nov. 5, 2002).

The first factor is the most important, the degree to which the civil issues overlap with the criminal issues. *SEC v. Kiselak Capital Group, LLC,* No. 4:09-CV-256-A, 2011 WL 4398443 *2 (N.D. Tex. Sept. 20, 2011). Defendant Petruska was required to make a strong showing that the underlying case so overlaps the criminal proceeding that he cannot be protected by selectively invoking his Fifth Amendment privilege or the effective defense of both cases is impossible. *Alcala v. Texas Webb County,* 625 F.Supp.2d at 401.

---

[4]   In *Little Al,* defendant sought a continuance of the government's motion for summary judgment in a civil forfeiture action during the pendency of his appeal from criminal conviction. The court affirmed the denial of the continuance holding that forcing to choose between preserving his Fifth Amendment privilege and losing the civil suit "hardly presents that type of circumstances or prejudice that require a stay."

There is no overlap between the underlying civil suit and Defendant Petruska's indictment. The conduct giving rise to the civil claims occurred six (6) years before the assault of Thomas Lytle described in the indictment. Plaintiffs' petition has one sentence referencing the assault. Additionally, Defendant Petruska, by his pleadings in the trial court has admitted the reference to the assault has "no connection to the disputed easement." Record 15. As noted in *Alcala,* the overlap is further reduced when the prosecutor in the criminal case is not a party to the civil suit. "[T]he potential for prejudice to a criminal defense is diminished where private parties, not the government, are the plaintiffs in the civil action." *Alcala v. Texas Webb County,* 625 F.Supp.2d at 402.

Petruska repeatedly alleges the cases "completely overlap" or are "nearly identical" but these allegations push the envelope on bad faith pleadings. Defendant Petruska cannot get beyond this key factor. There is no overlap in the suits. Plaintiffs could easily remove the reference in the petition and there would be no change in their claims. There is no basis, factual or legal, to support a complete stay of the proceedings.

Even if there was some nominal overlap between the criminal and civil actions, the balance of the remaining factors weigh against a complete stay of the civil proceedings. Plaintiffs Relators have a state constitutional right of access to the courts. TEX. CONST. art. I, § 13. This entitles them "to full discovery within a

reasonable time, to develop their claims and defenses, and to have the case tried."

*In re Gore,* 251 S.W.3d at 699. The Order entered by Judge Drum stays all proceedings, all discovery, and vacated the trial setting of December 1, 2015. It precludes not just discovery that might implicate defendant Petruska's privilege against incrimination, it prevents discovery from other parties and witnesses regarding events which occurred more than six (6) years before the assault. Any further delay may make witnesses unavailable and compound the problem of witnesses' failing memory.

Contrary to the assertions in defendant Petruska's motion, there is no evidence that "the criminal action will be resolved in the reasonably near future." At the time defendant filed the motion, defendant had continued the pre-trial hearing in the criminal suit eight (8) times. Record 154.[5]

There is no judicial efficiency which is promoted by the stay. Unlike the cases of parallel criminal and civil proceedings, a criminal conviction, or acquittal, will have no impact on the quiet title action or the fraud claims arising from the execution of a deed and deed of trust in 2008. The criminal proceeding will not simplify or streamline the issues in the underlying suit.

The interests of Defendant Petruska do not require a stay of all proceedings. The facts in 2008 have not been shown to have any relevance to the criminal

---

[5] In a meeting with the district attorney's office after the August 18, 2015 pre-trial hearing, Relators were told it would be more than a year before a trial would be held.

charges. Contrary to Defendant's motion the cases do not arise from the same alleged facts. To the extent he has not already waived his privilege on the subject of the assault, defendant Petruska may selectively invoke his right against self incrimination, decline to testify and/or seek a protective order.

There is no public interest served by a stay of the civil suit. Contrary to Defendant's argument, there is no "nearly identical criminal action."

If the Court finds the subject matter of the criminal charges are substantially the same as the subject matter of the civil suit, a complete stay of the civil proceeding is still not warranted. A limited stay only of discovery which directly seeks testimony from the party subject to criminal proceedings is sufficient to protect Defendant's interests. *Librado v. M.S. Carriers,* 2002 WL 31495988 *3. Stays of discovery which would reach to restrict discovery that is "not privileged" are not warranted. *Wehling v. Columbia Broadcasting System,* 611 F.2d 1026 (5th Cir. 1980).

Even the cases relied upon by Defendant allow few complete stays of proceedings. Only the cases of *Trustees of Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mich., Inc.*, 886 F.Supp. 11334 (S.D.N.Y. 1995); *Javier v. Garcia-Botello,* 218 F.R.D. 72 (W.D.N.Y. 2003); and *Jackson v. Smith Sec. Serv. Inc.,* 786 S.W.2d 787 (Tex. App.—Houston [1st Dist.] 1990, no writ) allowed a complete stay. Each had unique circumstances which do not exist in this case. In

*Plumbers* the court found the civil and criminal actions were based on the same wrongful conduct and the resolution of the criminal case would have an impact on the outcome of the civil action. In *Javier* the court found the claims in both actions "involve nearly identical facts." The only Texas case, *Jackson,* involved a unique procedural scenario. The defendant had been convicted in the criminal suit and filed an appeal. Based upon the conviction, summary judgment was granted in the civil action. The defendant appealed the summary judgment, arguing that since the conviction was on appeal it was not final and could not support summary judgment in the civil action. The Court of Appeals stayed the civil appeal, pending the appeal of the conviction.

None of these cases have application to the underlying suit. There is no overlap between the civil and criminal cases. There is no legal basis to grant a stay of all proceedings. The Order staying the Lytles' suit was an abuse of discretion and the Respondent should be ordered to vacate the order, allow discovery to proceed and set the matter for trial.

## PRAYER

Therefore Relators respectfully request that this Court, on final hearing:

1.  Issue a writ of mandamus directing Respondent the Hon. Teresa Drum to vacate the *Order Staying Proceedings* signed August 21, 2015 and to reinstate the trial date of December 1, 2015; and

2.  Grant any other relief to which Relators are entitled.

Respectfully submitted,

**BELLINGER & SUBERG, L.L.P.**

By: _____

BARBARA L. EMERSON
Texas State Bar No. 06599400
10,000 N. Central Expy., Suite 900
Dallas, Texas 75231
Telephone:  214/954-9540
Facsimile:  214/954-9541
bemerson@bd-law.com

**ATTORNEY FOR RELATORS,
THOMAS LYTLE AND ELLEN LYTLE**

# VERIFICATION

STATE OF TEXAS            §
                         §
COUNTY OF DALLAS          §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Barbara L. Emerson, known to me, who after being duly sworn on her oath stated that she is the counsel of record for Relators in the above cause, that she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the Appendix and/or the Record.

_Barbara L. Emerson_ (signature)

_____
Barbara L. Emerson

Subscribed and sworn to before me on the 3rd day of September, 2015.

_Debora Dorman_ (signature)

_____
Notary Public, State of Texas



DEBORA DORMAN
Notary Public, State of Texas
My Commission Expires
September 23, 2019

CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the Petition for Writ of Mandamus has been forwarded to all counsel via eservice and email on the 3rd day of September, 2015 as provided below.

Respondent – Via Hand Delivery
The Hon. Teresa Drum
County Courthouse
121 E. Dallas St., Suite 301
Canton TX, 75103
(903)567-7555 Telephone
c/o Kathy Jackson, Court Administrator
kjackson@vanzandtcounty.org

Counsel to Helmuth Gutzke and
Zackiann Gutzke
Ralph E. Allen
Attorney and Counselor at Law
100 East Ferguson, Suite 901
Tyler, Texas  75702
(903) 593-9727 Telephone
rallen@tyler.net

Counsel to David C. Petruska and
Sandra L. Petruska
Michael F. Pezzulli
Holmes Firm PC
14911 Quorum Drive, Suite 340
Dallas, Texas  75254
(469) 916-7700 Telephone
Michael@courtroom.com

Barbara L. Emerson
Texas State Bar No. 06599400
BELLINGER & SUBERG, L.L.P.
10,000 N. Central Expy., Suite 900
Dallas, Texas 75231
Telephone:  214/954-9540
Facsimile:   214/954-9541
bemerson@bd-law.com