

# NUMBER 13-20-00361-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

### IN RE A3H FOODS II LP D/B/A JACK IN THE BOX, MO2 GROUP LLC AND MOHAMMED AHMED

### On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Longoria and Perkes
### Memorandum Opinion by Justice Longoria[1]

By petition for writ of mandamus, relators A3H Foods II LP d/b/a Jack In The Box (A3H), MO2 Group LLC, and Mohammed Ahmed, contend that the trial court abused its discretion by ordering relators to respond to discovery requests and denying their motion for a protective order to stay all further discovery.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Mandamus is both an extraordinary remedy and a discretionary one. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). For mandamus to issue, the relator must show that the trial court abused its discretion and that no adequate appellate remedy exists to cure the error. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding); *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). The relator bears the burden of proving both requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Garza*, 544 S.W.3d at 840; *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 304; *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). Generally, "[p]arties are 'entitled to full, fair discovery' and to have their cases decided on the merits." *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex. 2009) (quoting *Able Supply Co. v. Moye*, 898 S.W.2d 766, 773 (Tex. 1995) (orig. proceeding)). Thus, a party seeking a protective order must show particular, specific, and demonstrable injury by facts sufficient to justify a protective order. *Id.* Additionally, in the context of parallel civil and criminal proceedings, there is no general federal constitutional, statutory, or common law rule barring their simultaneous

prosecution. *See In re R.R.*, 26 S.W.3d 569, 574 (Tex. App.—Dallas 2000, orig. proceeding); *see also Bean v. Alcorta*, 220 F. Supp. 3d 772, 775 (W.D. Tex. 2016); *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 760 (W.D. Tex. 2008) ("[I]t 'is the rule, rather than the exception' that civil and criminal cases proceed together.").

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that the relators have not met their burden to obtain relief. Accordingly, we deny the petition for writ of mandamus.

NORA L. LONGORIA
Justice

Delivered and filed the
19th day of October, 2020.